BOOTT COTTON MILLS *vs.* CITY OF LOWELL.

Middlesex.   May 29, 1893. — June 21, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Tax — Abatement — City — Interest — Demand.*

If a tax, assessed by a city and paid under protest, has been abated by county com-
missioners, under the Pub. Sts. c. 11, § 71, and the amount so abated has been
repaid by the city, interest thereon can be recovered only from the date of the
demand for repayment, and not from the date of the abatement.

CONTRACT to recover the sum of $2,871.76.   Trial in the Su-
perior Court, without a jury, before *Hopkins,* J., who reported
the case for the determination of this court, in substance as
follows.

The plaintiff is a manufacturing corporation, having real estate
and machinery taxable in the defendant city.   On the first day
of May in the years 1886, 1887, 1888, and 1889, respectively,
the assessors of the city assessed the plaintiff the respective
sums of $30,849.92, $29,937.37, $29,911.95, and $29,964.04,
as a tax for the year.   The plaintiff, being aggrieved by the as-
sessment in each instance, duly applied to the assessors for an
abatement of the tax; but they refused to make such abatement.
Afterwards, on October 21, 1886, and on October 20 in each of
the other three years, the plaintiff paid the tax to the collector
of taxes of the defendant city under a protest in writing duly
filed with the collector.   Thereupon the plaintiff made complaint
to the county commissioners, and, after due proceedings upon
such complaint, the commissioners, on May 12, 1887, December
22, 1888, and November 26, 1890, respectively, abated of the
tax the respective sums of $6,895.86, $5,373.87, $5,391.26, and
$5,072.07.   Thereafter the plaintiff duly demanded payment of
the sums so abated, and the defendant on April 3, 1888, repaid
to the plaintiff the sum of $6,895.86, and on December 11, 1890,
repaid the aggregate of the other three sums abated, amounting
to $15,837.20.   The plaintiff, in receiving these sums, did not
waive, but demanded and expressly reserved, the right to recover
interest thereon from the time of the payment of each tax to the

time of the repayment of the sums abated. During the years 1886, 1887, 1888, 1889, and 1890, the sums collected by the defendant's collector of taxes, as well as other funds of the defendant, were deposited in its name with a depositary, who paid four per cent interest on the average daily balances standing to its credit in the hands of such depositary during those years, and the taxes and other funds so deposited were drawn upon by the defendant by its check, and in no other way. The collector paid to the Commonwealth and to the county their respective proportions of the taxes collected as directed in the assessors' warrants for the years above named, by checks drawn by the defendant upon the funds in the hands of such depositary.

During the years in question, it was necessary for the defendant to borrow money from time to time for municipal purposes, which it did, and paid interest thereon. It appeared that during those years the average rate of interest charged and paid for the use of money by banks and in business circles was five and one half per cent per annum.

The collector of taxes and the city treasurer were one and the same person, and no separate accounts for the collector and the city treasurer were kept.

The plaintiff contended that it was entitled to recover interest on the several sums abated from the time of the payment of the same as a part of the taxes to the defendant to the time of the repayment of the same to the plaintiff, with interest on that amount of interest in each case from the time of demand therefor; and that if, for any portion of the time from the time of the payment of the several sums so abated to the time of the repayment of the same the plaintiff was not entitled to recover interest on those sums, then for such portion of the time it was entitled to recover so much as the use and benefit of the several sums by and to the defendant were fairly and reasonably worth.

Upon the above facts, the judge found for the plaintiff in the sum of $1,212.47, that being the amount of interest upon the various sums abated by the county commissioners and the assessors from the date of the order of abatement by the commissioners and assessors respectively, in each case, to the time of the repayment of the sums to the plaintiff, with interest thereon from the time of demand therefor.

If the finding was correct, judgment was to be entered thereon. If the plaintiff was entitled to recover according to its first contention above stated, then, upon computation being made, judgment was to. be entered accordingly. If the plaintiff was not entitled to recover according to its first contention, but was entitled to recover according to its second contention, then the amount to which the plaintiff should be entitled was to be determined, and judgment entered therefor. If the plaintiff was not entitled to recover in any aspect of the case, judgment was to be entered for the defendant.

*C. S. Lilley*, for the plaintiff.

*F. T. Greenhalge & J. J. Hogan*, for the defendant.

BARKER, J.  1. The abatement which assessors or county commissioners may make under the provisions of Pub. Sts. c. 11, §§ 69, 71, when a taxpayer is overrated, is not in itself a judgment for money, and it is not returned to a court and cannot be entered in any court either by a taxpayer or by the authority which makes the abatement. If the tax has not been paid, it gives no right to ask for the payment of money, but merely the right to discharge the tax by the payment of less than the amount assessed. If the tax has been paid, the taxpayer, under the provisions of Pub. Sts. c. 11, § 75, has the right to be reimbursed out of the treasury of the city or town to the amount of the abatement, with all charges except legal costs previously accrued, and he is also entitled to a certificate of the abatement. See Pub. Sts. c. 11, § 76. But this certificate cannot be entered in court, and no court can make up a judgment upon it alone. If the reimbursement is not duly made, the taxpayer may have his action, founded on the breach of the statutory obligation to reimburse, and, if he obtains judgment, it is upon establishing in court all the facts essential to his right of recovery, of which the making of the abatement is but one. The provisions of Pub. Sts. c. 171, § 8, authorizing the computation of interest, when judgment is made up upon an award, from the time when the award is made to the time of making up the judgment, are therefore not applicable to the present case, and give the plaintiff no right to recover interest from the times when the abatements were made.

2. Nor is interest included in the charges which are also to be

reimbursed. A collector of taxes may proceed in either of several ways to enforce payment, while the application for an abatement is pending or before it is made, and may thus create charges other than legal costs, and such charges are in effect added to the tax. It is such charges only which the section (Pub. Sts. c. 11, § 75) says shall be reimbursed with the amount of the abatement.

3. The doctrine that taxes illegally assessed may be recovered with interest from the time of payment if paid under protest, and from the time of demand if paid without protest, (see *Boston & Sandwich Glass Co.* v. *Boston*, 4 Met. 181, and *Boston Water Power Co.* v. *Boston*, 9 Met. 199,) is not applicable to the present case. In such cases the tax is void; and the proceedings for its collection are without legal sanction, and the money paid is the property of the taxpayer of which the municipality has obtained wrongful possession. But a tax abatable because the taxpayer is overrated is nevertheless a valid tax; proceedings to enforce its payment have the sanction of law, and when it is paid and the proceeds turned into the municipal treasury the money is the proper money of the city or town. The municipality has no right or duty to reimburse any portion of it until an abatement has been made. Under our system of taxation the State and county taxes are included in one assessment with the city or town levy, and the treasurer of the municipality is often a different person from the collector of taxes, and has no official knowledge of the particular sources from which are derived moneys turned into the treasury as the proceeds of taxes. If he knows that an abatement has been made in favor of a particular taxpayer, he has no official knowledge whether the tax has or has not been paid. Nor is it a treasurer's duty to volunteer to make such a reimbursement. Some proper demand must be made before it is his duty to pay, and before the municipality is placed in default by mere non-payment. But in the case of taxes illegally assessed the municipality is in default when, without warrant of law, it receives money which it is informed by the protest that it takes illegally, or when it retains it after a demand. But the duty to reimburse an overrated taxpayer springs solely from the statute. Although the assessors may have erred in judgment, the city or town has not been

at fault in the assessment or collection of the tax, nor in the retention of the money paid; and it is not compelled to make the reimbursement because of its default, but because for that purpose it is the designated instrument of the government. Its duty to reimburse, therefore, cannot begin until the abatement is made, and this disposes of the contention that the plaintiff ought to recover interest from the times when the respective taxes were paid.

4. The same considerations negative any obligation on the part of the municipality to make reimbursement until demand therefor is made. The sums received into the treasury are not earmarked. They are the property of the municipality, and it is under no obligation to the taxpayer until his abatement is allowed. Whether its allowance gives him a right to reimbursement depends upon whether the tax has been paid, a fact not to be presumed to be within the knowledge of the treasurer. It follows that the municipality is in no default in not making reimbursement until demand, and as interest is not given by the statute which devolves upon the city or town the duty to make reimbursement, only such interest can be included in the judgment as is given for the improper detention of money, which would not be until after a demand.

We notice in this connection that the government of the United States does not pay interest except where the demand is under a special contract or special law providing for the payment of interest, and that no obligation to pay interest is to be implied against the government from the mere fact that it has detained the principal after the creditor's right to receive it has accrued. *United States* v. *Sherman*, 98 U. S. 565. *Stephani's case*, 26 Int. Rev. Rec. 313. *Tillson* v. *United States*, 100 U. S. 43. U. S. Rev. Sts. §§ 1091, 3011, as amended by U. S. St. of February 1, 1888. 25 U. S. Sts. at Large, 6. 9 Atty. Gen. Op. 57, 59. 16 Atty. Gen. Op. 97.

5. Nor has the plaintiff any right to recover on the ground that the defendant has received the profits or earnings of a fund belonging to the plaintiff. As we have seen, the taxes, though in part abatable, were legal, and their proceeds when paid were the property of the city, and not of the taxpayer. If it could be demonstrated that the sums on which the city received

interest were in part composed of the moneys paid by the plaintiff, they were not the plaintiff's property, and it has no right in the earnings of the fund.

The result is, that interest should have been allowed only from the time of demand, and not from the dates when the abatements were made. The finding is set aside, and judgment is to be entered for a sum to be ascertained by the rule above given. If necessary to determine the amount of the judgment, the case will stand for further hearing in the Superior Court.

*Finding set aside.*