## Park *v.* Pittsburgh School District Board of Public Education, Appellant.

Submitted April 26, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*N. R. Criss,* for appellant.

*Alexander H. Hunter* and *Hunter, Buffington & Kipp,* for appellee.

OPINION BY ROSS, J., September 26, 1945:

This is an action in assumpsit to recover interest on a refund of taxes paid by the plaintiff pending his appeal to the common pleas court from the assessment of his real estate for the purpose of taxation. The court reduced the assessment made by the Board of Assessors of the City of Pittsburgh, and a refund was made of the amount by which his school taxes were overpaid. The plaintiff brought suit to recover interest on the amount of the refund from the date on which he demanded repayment until it was refunded to him. After an affidavit of defense was filed, the court below entered judgment for the plaintiff for want of sufficient affidavit of defense and this appeal followed.

On June 17, 1941, the Court of Common Pleas of Allegheny County made a reduction of $125,000 in the assessment of the plaintiff's property, exceptions to which order were filed by the defendant on June 25, 1941, and on June 27, 1941, by the plaintiff. On the date on which his exceptions were filed the plaintiff demanded a refund of $4,071.37, being the amount of refund to which he would be entitled as a result of the reduced assessment. On February 5, 1942, a refund of the principal amount was made to the plaintiff but no refund of interest on the

excess payment was made. The court below en banc dismissed the exceptions filed by both parties to this action on March 10, 1942. The plaintiff contends that interest runs on the sum of $4,071.37 from the date of demand to the date of repayment on February 5, 1942, and interest on interest from that date onward.

The Act of 1939, P. L. 345, PS 53 sec. 9991, amends the assessment law for cities of the second class, and in respect to refunds on taxes pending appeal provides as follows: "Provided, That the said appeal shall not prevent the collection of the taxes complained of, but, in case the same shall be or shall heretofore have been reduced, then the excess collected shall be returned to the person or persons who shall have paid the same." The question before the Court is whether or not the assessment was "reduced" when the order of court was entered reducing the assessment or whether it was not "reduced" until exceptions thereto were disposed of by the court below. In *Philadelphia & Reading Coal & Iron Company v. Tamaqua Borough School District*, 304 Pa. 489, 156 A. 75, it was held that a taxpayer who obtains a reduction of his assessment is entitled to interest on the amount he has previously paid in excess of the proper levy and that interest begins to run from the date of his demand for repayment. The Supreme Court speaking through Justice KEPHART said, at page 493, "When a disputed assessment is finally determined it relates back to the time when under the law it was required to be made, and payment of taxes assessed during that period will be presumed to be made on such valuation: That the valuation was still on appeal and not finally determined is immaterial", and, at page 496, "It follows that the municipality is in no default in not making reimbursement until demand; and, as interest is not given by the statute which devolves upon the city or town the duty to make reimbursement, only such interest can be included in the judgment as is given for the improper detention of the money, which would not be until after a demand".

It is our opinion that an assessment is reduced within the meaning of the relevant statutes upon the entry of an order of the common pleas court fixing the value of the property to which exceptions are filed, rather than when the final order of court is entered dismissing the exceptions. Where the taxpayer is entitled to a refund on an excess payment of taxes, whether such right accrues by right of statute or not, the taxpayer is entitled to interest on the refund if no statute or public policy militates against it. *Philadelphia & Reading Coal & Iron Company v. Tamaqua Borough School District, supra.* There is no such statute or public policy in this case and interest on the refund should be allowed to the plaintiff from the date of demand by him.

Judgment of the court below is affirmed.