## Park *v.* Pittsburgh School District Board of Public Education, Appellant.

Argued March 25, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*N. R. Criss*, Solicitor for School District of Pittsburgh, for appellant.

*Alexander H. Hunter*, with him *Hunter, Buffington & Kipp*, for appellee.

OPINION BY MR. JUSTICE PATTERSON, May 27, 1946:

May an owner of real estate, who has appealed to the Court of Common Pleas for the reduction of an assessment duly levied on his land, recover interest on excess payments of taxes from the date of a formal demand, made concurrently with the filing of exceptions to a decree nisi, by both the taxing authority and the taxpayer? The Board of Public Education of the School District of Pittsburgh, appellant, appealed to the Superior Court from the judgment of the Court of Common Pleas of Allegheny County, which allowed interest from the date of the decree nisi. The Superior Court (*Park v. Pittsburgh School District Board of Public Education*, 158 Pa. Superior Ct. 116, 43 A. 2d 922) affirmed. This Court allowed an appeal.

Lewis A. Park, appellee, being the owner of certain premises in the City of Pittsburgh in 1939, appealed to the Court of Common Pleas from an assessment thereon by the Board of Education of the School District of Pittsburgh, appellant. On June 17, 1941, the hearing judge ordered the assessment reduced. Exceptions were filed by appellant on June 25, 1941, and by appellee on June 27, 1941. Simultaneously with the filing of his exceptions, appellee demanded a refund of $4071.37, the amount to which he was entitled as the result of the reduced assessment. On February 5, 1942, said principal sum, without interest, was paid to appellee. Exceptions to the decree nisi were dismissed on March 10, 1942.

On October 5, 1944, Park instituted this action in assumpsit against the Board of Public Education of the School District of Pittsburgh to recover interest on said principal sum from June 27, 1941, the date of the decree nisi. An affidavit of defense was filed in said action. Under the heading of "New Matter" appellant alleged that the assessment was not reduced until exceptions to the said decree nisi had been disposed of. A rule for judgment for want of a sufficient affidavit of defense was made absolute by the court en banc and judgment en-

tered against appellant for the amount claimed. On appeal to the Superior Court the judgment of the lower court was affirmed.

Distinction must be made between a case where the right of a taxing authority to collect and retain taxes pending appeal from an assessment is at issue and where, as in the instant case, interest is sought to be secured on the finally determined amount of overpaid taxes. The former is controlled by statute. The Act of 1939, P. L. 345, 53 P.S. section 9991, provides: ". . . the said appeal shall not prevent the collection of the taxes complained of, but, in case the same shall be or shall heretofore have been reduced, then the excess collected shall be returned to the person or persons who shall have paid the same." In *Philadelphia & Reading Coal & Iron Co. v. Tamaqua Borough School District,* 304 Pa. 489, 156 A. 75, this Court held that the taxpayer was obligated to pay all assessed taxes pending final determination of the propriety of assessment and that upon such final determination the assessment related back to the time when, under the law, it was required to be made. The taxpayer may then recover the excess payments.

The question presented in the present case requires this Court to determine at what time the taxing authority may become obligated to pay interest. That it may become obligated has been judicially determined in *Philadelphia & Reading Coal & Iron Co. v. Tamaqua Borough School District,* supra. In that case it was held that in the absence of a controlling statute interest could only be recovered by the taxpayer for the "improper detention of money" by the taxing authority. See *Boott Cotton Mills v. City of Lowell,* 159 Mass. 383, 34 N.E. 367, 368.

*Philadelphia & Reading Coal & Iron Co. v. Tamaqua Borough School District,* supra, relied upon by appellee, does not support the proposition that formal demand for repayment of excess taxes may properly be made without regard to the duty upon the taxing authority to repay the same. To the contrary, this Court said (p. 497):

"In the case at bar, the school district would have been within its statutory rights in collecting the entire tax and would have been under no obligation to repay the excess until the final valuation decree. . . . It was not until then that plaintiff's right accrued. . . ." Whether there has been an improper assessment cannot be known in advance of a final determination. Until then the retention is proper. The effective date of any formal demand for a refund must await a final decree by the reviewing tribunal. To hold otherwise would sanction an undesirable practice of making formal demand for repayment simultaneously with filing of exceptions to a decree nisi. There would result the paradoxical situation that one who was under no duty to repay would be penalized for the failure to repay, and one under a duty to collect and retain would be penalized for the collection and retention.

The judgment of the Superior Court is reversed and judgment is here entered for The Board of Public Education of the School District of Pittsburgh, appellant.