Girard Trust Company, Trustee, *v.* Philadelphia City and County, Appellant.

320

Argued April 20, 1948. Before MAXEY, C. J., DREW,
LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Abraham Wernick*, Assistant City Solicitor, with him
*Frank F. Truscott*, City Solicitor, for appellant.

*Frederick H. Spotts*, with him *Pepper, Bodine &
Stokes*, for appellee.

OPINION BY MR. JUSTICE PATTERSON, May 24, 1948:

The Girard Trust Company, appellee, instituted this action in assumpsit against the City of Philadelphia, appellant, to recover certain personal property taxes erroneously paid by it, as trustee for General Accident, Fire & Life Assurance Corporation, Ltd., to the City for the years 1934, 1935, and 1936. The right to bring this action is found in the Act of 1943, P. L. 349, 72 PS section 5566b, *et sec.* This appeal is from the entry of judgment against the City in amount of $68,101.11 with interest thereon from March 1, 1946. Appellant asserts that (1) although appellee's right to bring the present action is not barred by any statute of limitations, it is, nevertheless, precluded by delay; (2) appellee was and is properly subject to the tax, and, in that regard, asks this Court to reconsider and overrule *Girard Trust Co., Trustee's Appeal*, 333 Pa. 129, 3 A. 2d 252; and (3) the court below erroneously awarded interest on the judgment.

General Accident, Fire & Life Assurance Corporation, Ltd., organized under the laws of Scotland, entered into a written agreement with Girard Trust Company on August 29, 1911, whereby the latter became trustee of certain moneys and securities for the benefit of policyholders of said corporation. The purpose of the agreement was to satisfy insurance laws of the various states and thereby enable the corporation to do business in this country. Girard Trust Company, as trustee, paid personal property taxes for the years 1934, 1935, and 1936 to the City of Philadelphia on the moneys and securities so held. In 1937, upon advice of counsel that it was not subject to the tax, it filed a return but denied liability for the tax. This Court, in *Girard Trust Co., Trustee's Appeal*, supra, sustained appellee's contention and held that the fund was not subject to the tax in question.

The Act of 1943, P. L. 349, 72 PS section 5566b, *et sec.*, provides that "Whenever any person or corpora-

tion of this Commonwealth has erroneously or inadvertently paid or caused to be paid into the treasury of any political subdivision . . . any tax or taxes on real or personal property . . . under an assumption that such taxes . . . were due and owing, when in fact such taxes . . . were not due and owing to the political subdivision, then in such cases the authorities of the political subdivision, upon due proof of any such erroneous or inadvertent tax . . . payments, are hereby directed to draw their warrant on the treasurer of such political subdivision in favor of such person or corporation, to make refund out of the public funds of such tax or taxes . . . to which the political subdivision has no valid claim. . . ." Section 2 of the Act, 72 PS section 5566c, gives to the aggrieved person or corporation a "right to recover the sum involved by instituting an action in assumpsit in any court of competent jurisdiction within the county wherein such political subdivision is located". Section 3, 72 PS section 5566d, provides that the Act shall be retroactive as regards all taxes "erroneously or inadvertently paid into the treasury of any political subdivision for a period of not exceeding three years prior to the discovery of such erroneously paid taxes and fees".

The taxes paid by appellee for the years 1934, 1935, and 1936 were the same kind of taxes as were the subject of the litigation in *Girard Trust Co., Trustee's Appeal*, supra. During the three years in question there were paid as taxes $68,101.11. A portion of this tax had been levied upon bonds of corporations which, in the trust indentures creating the bond issue, agreed to refund all or part of any tax thereon. Pursuant to these latter trust indentures, there was refunded to appellee $36,283.76. On February 6, 1946, demand was made upon the City for the repayment of the taxes erroneously paid and this action in assumpsit was instituted June 26, 1946. In the statement of claim interest was demanded from March 1, 1946. Subsequent to the enactment of the Act of 1943, P. L. 349, supra, the City Council of Phila-

delphia, on July 18, 1944, enacted an ordinance limiting a claimant's right to a refund of taxes to three years immediately preceding the date of the filing of the application for refund.

The chancellor held (1) the ordinance was inoperative because in conflict with the Act of 1943, supra; (2) *Girard Trust Co., Trustee's Appeal*, supra, determined that the tax was erroneously paid; and (3) entered judgment against appellant in amount of $68,101.11, with interest upon the amounts paid each of the years from the respective dates of payment. The court *en banc* amended the order by limiting interest from March 1, 1946, the date from which interest was demanded by appellee, notwithstanding an earlier demand for return of the moneys, and entered judgment accordingly.

The intention of the legislature to require a political subdivision to make refund of taxes erroneously or inadvertently paid is clearly expressed not only in the title of the Act,[1] but also in the several provisions thereof. Municipal subdivisions are "directed" to draw their warrants to the treasurers and make refund out of public moneys. Refusal or failure by municipal authorities to do so does not now leave the taxpayer without a right to secure the refund. See *Hotel Casey Company v. Ross*, 343 Pa. 573, 23 A. 2d 737; *Longacre Park Heating Co. v. Delaware County*, 160 Pa. Superior Ct. 252, 255, 50 A. 2d 706. Section 2, supra, provides to the aggrieved taxpayer the right to institute an action in assumpsit therefor. This intention is not challenged. Appellant does, however, contend that the retroactive provisions of section 3 are so vague and indefinite as regards a vital

---

[1] "AN ACT Requiring political subdivisions to refund taxes and license fees erroneously and inadvertently paid thereto, and giving a right of action against such political subdivision for the recovery of such taxes and fees upon their failure to make such refunds; making the provisions of the act retroactive; and repealing existing laws."

subject of the Act as to be incapable of execution and, therefore, unconstitutional. Cf. *Willcox v. Penn Mutual Life Insurance Co.*, 357 Pa. 581, 55 A. 2d 521. The legislature may create civil rights and impose duties retroactively if the intent so to do is clearly expressed: Statutory Construction Act of 1937, P. L. 1019, 46 PS section 556; *Commonwealth v. Repplier Coal Company*, 348 Pa. 372, 381, 35 A. 2d 319. That intent is clearly expressed in the instant statute.

The infirmity is said to be that the word "discovery" of the erroneous or inadvertent payment is so indefinite in meaning that judicial interpretation, construction or application thereof becomes a matter of conjecture and a substitution of the judiciary for the legislature as regards the language of the Act. The Act, however, is not vague and indefinite. To the contrary, the legislative intention is clearly expressed and administration thereof presents no difficulty: *Longacre Park Heating Co. v. Delaware County*, supra. The statute in its entirety refers to erroneous and inadvertent payment of taxes into the treasury of a political subdivision under an assumption that such taxes were due and owing when in fact they were not. Upon proof thereof, the proper authorities are *directed* to make refund, and upon failure so to do a right of action in assumpsit is provided for the taxpayer as a means of enforcing the mandate of the Act. It is unnecessary for this Court to now delimit the meaning of the term "discovery". The court below properly found as a fact that erroneous payment of taxes was "discovered" in 1937 and that thereafter proper steps were taken to secure judicial determination of that fact. See *Girard Trust Co., Trustee's Appeal*, supra.

The prior decision of this Court has determined that the instant trust is not subject to the tax. Appellant's suggestion that it is proper for this Court to reëxamine and reverse that decision amounts to a request for a reargument of that case. That cannot be permitted. Nor has such practice ever been adopted. In none of the

cases to which appellant refers (*Commonwealth ex rel. Reinhardt v. Randall*, 356 Pa. 302, 51 A. 2d 751; *Commonwealth ex rel. Kelley v. Sheridan*, 331 Pa. 415, 200 A. 102; *Harris v. Lewistown Trust Company*, 326 Pa. 145, 191 A. 34; and *Deutsch v. Max*, 318 Pa. 450, 178 A. 481) were the identical parties, subject-matter and issues then before this Court.

Admittedly, appellee could not, prior to the Act of 1943, supra, maintain an action for the recovery of taxes erroneously paid. Taxes voluntarily paid cannot be recovered in the absence of a statute authorizing the same: *Hotel Casey Company v. Ross*, supra. Appellant's suggestion that the doctrine of estoppel and laches must be applied in the instant case is without merit. Prior to May 21, 1943, no right of action existed to *enforce* a return of taxes erroneously paid to a political subdivision. The Act of 1929, P. L. 1656, and others cited by appellant, *authorized* a municipality to refund such moneys but gave no right to a taxpayer to compel the same. The instant action was instituted approximately 22 months after the cause of action first existed. Demand was made in February, 1946. Whether the doctrine of laches is to be applied to suits instituted under this Act need not now be decided for clearly the doctrine is inapplicable here.

The court below properly entered judgment for the full amount of taxes paid with interest from March 1, 1946. That appellee was reimbursed as required by the trust indentures authorizing the issuance of bonds upon which the tax was imposed, does not give to appellant the right to require a reduction in the amount of refund. The amount of tax erroneously paid remains $68,101.11. It is this amount which the legislature has *directed* shall be refunded to the aggrieved taxpayer. That a taxing authority may become obligated for the payment of interest on taxes received and to which it was not legally entitled has been judicially determined: *Philadelphia & Reading Coal and Iron Company v. Tamaqua Borough*

*School District*, 304 Pa. 489, 156 A. 75. There must, however, be an improper detention before it can be held that interest may accrue. There must be a formal demand: *Philadelphia & Reading Coal and Iron Co. v. Tamaqua Borough School District*, supra. See *Park v. Pittsburgh School District Board of Public Education*, 354 Pa. 236, 47 A. 2d 222.

Judgment affirmed.