Jefferson Memorial Park, Appellant, *v.* West Jefferson Hills School District.

630

Argued September 30, 1959. Before JONES, C. J., BELL, JONES, COHEN, BOK and McBRIDE, JJ.

*Edwin J. Martin*, with him *Robert W. McWhinney*, and *Goehring, McWhinney & Grubbs*, for appellant.

*Joseph M. McClure*, for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, December 30, 1959:

Jefferson Memorial Park instituted this action in assumpsit to recover from the defendant, West Jefferson Hills School District, a refund for allegedly overassessed taxes which the plaintiff paid in full to the defendant school district under timely protest. After the pleadings had been completed, both parties moved for judgment on the pleadings. The court gave judgment for the defendant and the plaintiff has appealed. The questions raised on the appeal are whether the plaintiff's complaint states a cause of action and, if so, whether judgment on the pleadings should be entered for the plaintiff.

The plaintiff corporation is the owner of certain real estate in Pleasant Hills Borough, Allegheny Coun-

ty. A part of the property is located within the boundaries of the West Jefferson Hills School District while the remainder lies in Baldwin School District. However, all of the plaintiff's real estate was assessed by the Allegheny County Board of Property Assessment, Appeals and Review for the triennium (1955-56-57) as located in the West Jefferson Hills School District. The plaintiff avers that it appealed the assessment to the County Board, pursuant to the provisions of the Act of June 21, 1939, P. L. 626, §11, as amended by the Act of May 26, 1943, P. L. 625, §1 (72 PS §5452.11).

Subsequently, the tax collector of West Jefferson Hills School District, acting on the basis of the challenged assessment, demanded of the plaintiff taxes for the year 1955 in the sum of $6,741.17, which plaintiff paid to the defendant School District on August 31, 1955, by check accompanied by a letter which read, in part, as follows:

"Please be advised that we have made an appeal from the 1955 assessment being currently pending before the Board of Property Assessment, Appeals and Review and a hearing has been set for September 12, 1955.

"Inasmuch as the taxes are payable on or before August 31st at a discount of which we wish to take advantage, we are remitting the full amount as called for on the enclosed statement. This payment is made under protest pending the result of the 1955 assessment hearing."

Likewise, in 1956, the tax collector of West Jefferson Hills School District, on the basis of the same challenged assessment, which had not yet been reviewed by the County Board on the plaintiff's appeal, claimed of the plaintiff taxes for the year 1956 in the sum of $6,741.17, which the plaintiff paid in full on August 30, 1956, by check accompanied by a letter similar in

all material respects to the portions of the letter of August 31, 1955, above quoted. The only difference in the material portions of the two letters is that the later one stated additionally that a hearing on the plaintiff's appeal to the County Board had been heard and that a decision thereon had not yet been rendered.

The complaint alleges that the portion of the plaintiff's property lying in Baldwin School District was erroneously assessed by the County Board as located in West Jefferson Hills School District and that another portion of its property was erroneously assessed for taxation since that particular property was utilized for sepulchral purposes and therefore exempt by law from taxation. The complaint further avers that "As a result of the [plaintiff's] Appeal so taken and hearings held thereon, official change orders were issued on September 7, 1956, and January 15, 1957, by the said Board of Assessment, Appeals and Review whereby the aforesaid erroneous assessments were corrected."

On September 7, 1956, the County Board issued official change orders removing from the assessment rolls for West Jefferson Hills School District, for the years 1955 and 1956, that portion of the plaintiff's property actually situated in Baldwin School District. The defendant school district received notice of this correction through its receipt of the specified change orders. Also, on January 15, 1957, the County Board issued official change orders exempting from the West Jefferson Hills School District's assessment of the plaintiff's real estate for the years 1955 and 1956 the portion of the plaintiff's property utilized as a cemetery. The defendant school district was likewise notified of this correction through its receipt of the relevant change orders.

Thereupon, the plaintiff demanded that the defendant school district refund to it the sum of $5,116.09 for the overassessed taxes paid under protest on August

31, 1955, with interest from the date of payment, and also $5,116.09 for the overassessed taxes paid under protest on August 30, 1956, with interest from the date of payment. The defendant refused to refund to the plaintiff the overassessed taxes.

The Act of June 21, 1939, P. L. 626, §17, as amended by the Act of May 21, 1943, P. L. 510, §1 (72 PS §5452.17), treats with the effect of appeals from triennial county assessments and, in presently material part, provides that "No appeal taken from any assessment made under this act shall prevent the collection of the taxes based upon such assessment, but in case such assessment shall be or shall heretofore have been reduced . . . if the taxes based upon such assessment have been paid, the excess taxes collected shall be refunded to the person or persons who shall have paid the same."

On the basis of the facts pleaded in the complaint, the plaintiff has set forth a good cause of action under the above-quoted provision of the Act of 1939, as amended, for a refund of the excess taxes which it paid under protest to West Jefferson Hills School District in the circumstances averred in the complaint.

In an effort to sustain the judgment, the defendant asserts that, when the respective motions for judgment on the pleadings were argued in the court below, the plaintiff did not rely upon the Act of 1939 as authority for its claim for refund but, instead, cited and relied upon an earlier statute whose requirements the plaintiff's claim did not satisfy, viz., the Act of May 22, 1933, P. L. 853, Art. V, §518, as amended by the Act of July 15, 1935, P. L. 1007, §1 (72 PS §5020-518).*

---

* Both here and in the court below, the plaintiff also based its claim to a refund of the overpaid taxes upon the Act of May 21, 1943, P. L. 349, §1 (72 PS §5566b), which provides for refund when taxes are "erroneously or inadvertently paid." However, the overassessed taxes in this case were paid intentionally and deliberately

634

For present purposes so much may be assumed. However, the rule that, on appeal, we will not consider a matter which the appellant did not raise in the court below or the lower court did not pass upon is not applicable to a question whether the facts pleaded in a complaint state a good cause of action. What we review in such instance on appeal is exactly what the court below had before it, viz., the sufficiency of the complaint under relevant law. If there is a positive statute that, on the basis of the facts pleaded, gives the plaintiff a cause of action, no other course is open to a court than to sustain the complaint. The fact that the plaintiff may have relied in the court below upon an inapplicable statute does not impair or thwart the efficiency of the complaint to set forth a justiciable cause so long as there is a statute conferring the right under the facts pleaded. It follows, therefore, that the court below erred in entering judgment on the pleadings for the defendant.

Coming to the plaintiff's motion for judgment on the pleadings, it is clear that the defendant's answer either expressly admits or does not competently traverse, material averments of the complaint, and avers, in addition, incorrect or irrelevant conclusions of law.

The defendant contends that the record in this case belies the plaintiff's averment that it appealed to the County Board the overassessment of its property in West Jefferson Hills School District for the taxable years 1955 and 1956. The undisputed documentary proofs consisting of exhibits attached to both the complaint and the answer and the provisions of the Act of 1939, as amended, render unnecessary any discussion

and not erroneously or inadvertently. The letters of protest accompanying payment of the taxes serve to emphasize this fact. The plaintiff's claim did not, therefore, come within the purview of the Act of 1943. See *Pittsburgh Coal Company v. Forward Township School District*, 366 Pa. 489, 78 A. 2d 253.

of the defendant's above-stated contention. The plaintiff paid timely the overassessed taxes in full and the assessment was thereafter reduced by the County Board. Consequently, appeal or no appeal, the plaintiff, as the party having paid the overassessed taxes, became entitled to a refund for the excess taxes upon entry of the Board's change orders.

The Act of 1939, as amended by the Act of May 21, 1943, P. L. 510, §1 (72 PS §5452.17), does not make an appeal to the County Board from an assessment a prerequisite for a determination of a taxpayer's right to a refund. What the Act provides is that any such appeal shall not prevent the collection of the taxes based upon such assessment but, if such assessment is reduced and the taxes, as originally assessed, have been paid, the party making such payment shall be entitled to a refund of the excess taxes. The facts averred in the complaint bring the plaintiff's claim within these requirements. In fact, defendant's Exhibits 1, 2, 3 and 4, attached to its answer (see Supplemental Record at 1b to 4b, inclusive, of defendant's brief) themselves confirm the plaintiff's right to a refund under the terms of the Act of 1939, as amended.

The action in assumpsit is the proper remedy for the recovery of the tax refund in the instant case. In *Philadelphia & Reading Coal & Iron Co. v. Tamaqua Borough School District*, 304 Pa. 489, 156 A. 75, the plaintiff company, after successfully prosecuting an appeal from a triennial county assessment, sued the taxing political subdivision in assumpsit for a refund of the taxes overpaid to the defendant school district. We there said that "Appellant's contention that there can be no recovery of the excess, since the payments were admittedly voluntary, is of no merit . . . . [H]ere the statute . . . declares that in case an assessment of property shall, on appeal, be reduced, 'then the excess shall be returned to the person or persons who shall

636

have paid the same.' . . . The statute in plain and unequivocal terms affords the taxpayer complete protection. If, pending appeal, the latter makes payment of the whole or any part of the levy in excess of the amount payable under a later readjusted assessment, the statute permits him to recover such excess."

For the reasons hereinbefore stated we hold that the plaintiff is entitled to judgment on the pleadings for the amount of the refunds claimed with interest from the date of its demand therefor following issuance of the County Board's change orders. *Philadelphia & Reading Coal & Iron Co. v. Tamaqua Borough School District,* supra. See, also, *Girard Trust Company v. Philadelphia,* 359 Pa. 319, 59 A. 2d 124.

Judgment reversed and the record remanded with directions to the court below to enter judgment for the plaintiff for the amount of the overassessed taxes with interest thereon from the date hereinabove specified.