Pickar *v.* Owen J. Roberts School District.

Argued October 6, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO and MENCER. Judge ROGERS disqualified himself.

*James E. McErlane,* with him *Susan P. Windle* and *Lamb, Windle & McErlane;* for appellant.

*Lawrence Sager,* with him *Sager & Sager,* for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, January 3, 1972:

This appeal raises the question of the legal duty of the Owen J. Roberts School District to refund certain occupation taxes declared by our Supreme Court in *Lynch v. Owen J. Roberts School District, Appellant,* 430 Pa. 461, 470, 244 A. 2d 1, 5-6 (1968) to have been improperly collected. "We therefore hold that the 'Tax Anything Acts' of 1947 and 1965 [Act of June 25, 1947, P. L. 1145, as amended, 53 P.S. §6851 and the Local Tax Enabling Act of December 31, 1965, P. L. 1257, 53 P.S. §6902] permit the school district to pass an occupation tax (levy), compute the amount owed by each taxpayer (assess) and secure the tax revenue itself (collect). But this school district cannot place its own value on the occupations to be taxed. This may be done only by the county assessor, who bears the responsibility for valuing all the subjects and objects of taxation in his county. We believe that public policy is better served by insuring that a subject of taxation, be it property, occupation, or any other legitimate taxable, have but a single value fixed to it—and this requires a

single valuing officer. It follows that, in the present case, since appellees' occupations were not valued by the county assessor, but instead by the school district's tax director, appellant was properly enjoined from collecting its tax."

The Court of Common Pleas of Chester County, in a taxpayers suit initiated in 1967, enjoined the school district from collecting such occupation taxes because the underlying taxing scheme was both unconstitutional for lack of uniformity and statutorily invalid in providing for valuation of occupations by the school district rather than by the county assessor. *Lynch v. Owen J. Roberts School District*, 16 Chest. Co. Rep. 63 (1967). The Supreme Court declined to consider the constitutional issue and affirmed the lower court on the second ground alone.

Refunds for occupation taxes paid were sought pursuant to the Act of May 21, 1943, P. L. 349, Section 1, as amended, 72 P.S. §5566(b), which provides in relevant part: "Whenever any person or corporation of this Commonwealth has paid or caused to be paid, or hereafter pays or causes to be paid, into the treasury of any political subdivision, directly or indirectly, voluntarily or under protest, any taxes of any sort, license fees, penalties, fines or any other moneys to which the political subdivision is not legally entitled; then, in such cases, the proper authorities of the political subdivision, upon the filing with them of a written and verified claim for the refund of the payment, are hereby directed to make, out of budget appropriations of public funds, refund of such taxes, license fees, penalties, fines or other moneys to which the political subdivision is not legally entitled. Refunds of said moneys shall not be made, unless a written claim therefor is filed, with the political subdivision involved, within two years of payment thereof."

Plaintiff-appellee filed a verified claim for refund on August 2, 1968, within the statutorily defined two-year period.[1] The Board of Directors for the school district denied by resolution the refund claim on August 13, 1968. This assumpsit action followed.[2]

The school district both in its argument before this Court and before the lower court challenges this taxpayer's right to claim a refund under the above-quoted statutory provisions because of the failure of the taxpayer to satisfy the statutory conditions for such recovery in assumpsit.

Section 5566(b) permits a taxpayer to resort to its provisions only if he has no other available "specific remedy." The school district argues that the taxpayer has one or more available specific remedies which he has failed to exercise thereby removing him from the protection of Sections 5566(b) and (c). Citing Section 6 of the Local Tax Enabling Act of December 31, 1965, *supra,* the school district contends that the appellee here had a method whereby he could have initially challenged the occupation tax in concert with other similarly dissatisfied taxpayers. "No tax levied for

---

[1] Plaintiff-appellee had paid his occupation tax for the fiscal school year 1966 on August 18, 1966, and for 1967 on July 20, 1967. His claims for both years came on the heels of the decision of the Supreme Court in *Lynch v. Owen J. Roberts School District, supra,* filed on July 1, 1968.

[2] Section 2 of the Act of May 21, 1943, *supra,* 72 P.S. §5566(c) provides for such relief: "In the event of refusal or failure on the part of authorities of the political subdivision involved to make any such refund of taxes, license fees, penalties, fines or other moneys to which the political subdivision is not legally entitled, then the aggrieved person or corporation shall have the right to bring suit for and recover any such taxes, license fees, penalties, fines or other moneys to which the political subdivision is not legally entitled, subject to the limitation herein provided, by instituting an action in assumpsit in the court of common pleas of the county wherein such political subdivision is located."

the first time by any political subdivision to which this act applies shall go into effect until thirty days from the time of the adoption of the ordinance or resolution levying the tax. Within said thirty days, taxpayers representing twenty-five percent or more of the total valuation of real estate in the political subdivision as assessed for taxation purposes, or taxpayers of the political subdivision not less than twenty-five in number aggrieved by the ordinance or resolution shall have the right to appeal therefrom to the court of quarter sessions of the county upon giving bond with sufficient security in the amount of five hundred dollars ($500), approved by the court, to prosecute the appeal with effect and for the payment of costs. . . ."

The appellant-school district would have us rule that this taxpayer's failure to initiate such a tax appeal (assuming he could muster the support of the requisite number of taxpayers to join in the challenge), before the occupation tax went into effect, must forever foreclose his right to seek a refund for a tax later declared to have been improperly collected. We agree with Judge KURTZ's able opinion for the lower court in disposing of this argument.

"There are two answers to this contention. First, the taxes here involved were not 'levied for the first time' as required by the statute if an appeal is to be permitted. See Glassmoyer v. Owen J. Roberts School District, 18 Ches. Co. Rep. 85 (1969). Second, the statute does not authorize the taking of an appeal by this taxpayer. Under its provisions appeals are only available to 'taxpayers representing twenty-five percent or more of the total valuation of real estate' in the district or 'taxpayers of . . . not less than twenty-five in number aggrieved' by the taxing resolution. Obviously, a single taxpayer such as the plaintiff in this action cannot qualify in either category.

"Since the plaintiff has paid taxes to which the School District is not entitled and since there is no other available statute which affords him a specific remedy for the recovery of those taxes, he is entitled to a favorable decision upon this application."[3]

The school district further argues that because the Supreme Court did not affirm the decision of the Court of Common Pleas of Chester County on the constitutional invalidity of the occupation tax but only decided that the method of assessment was statutorily invalid that there has been no holding as required by Section 5566 (b) that such taxation was *unconstitutional* or *erroneous* as applied. Claims under Section 5566(b) must be made ". . . for recovery of moneys paid as aforesaid, unless the claim for refund is for the recovery of moneys paid under a provision of a statute, ordinance or resolution subsequently held, by final judgment of a court of competent jurisdiction, to be unconstitutional, or under an interpretation of such provision subsequently held by such court, to be erroneous."

While the Supreme Court specifically did not decide the issue of the constitutionality of the entire occupation tax resolution, it is undisputed that the Chester County court did so decide. The school district argues that the lower court holding as to unconstitutionality is not a ". . . final judgment of a court of competent jurisdiction . . ." and that only a similar holding by the Supreme Court would come within the purview of Section 5566(b).

---

[3] Appellant-school district has abandoned on appeal its argument made before the lower court that appellee also had a "specific remedy" under Section 701(b) of the Fourth to Eighth Class County Assessment Law of May 21, 1943, P. L. 571, as amended, 72 P.S. §5453.701(b), which provides: "Any person aggrieved by any assessment may appeal to the Board [of Assessment and Revision of Taxes] for relief." Judge KURTZ properly concluded that, absent a proper assessment by the county assessor, the statutory appeal provision challenging such assessment could not apply.

We must flatly reject such an interpretation as advanced by the appellant because it is axiomatic that the several courts of common pleas are courts of competent jurisdiction to make decisions as to the constitutionality of statutes, ordinances, and resolutions and that their decisions are final and enforceable unless reversed by an appellate court. The late President Judge GAWTHROP wrote in dismissing the school district's preliminary objections to the taxpayer-appellee's original complaint: "While the Supreme Court in considering the appeal from that Decree [of the lower court decision in Lynch] expressly declined to pass on the constitutional question, our decision thereof is for the purposes of this case a final judgment of a Court of competent jurisdiction upon that question."

Furthermore, the Supreme Court determined at least by implication that the collection of the occupation tax involved an erroneous interpretation of the underlying resolution authorizing the tax in terms of the meaning of "assess." By placing assessment responsibilities upon the school district rather than upon the chief county assessor, the school district misinterpreted its own tax resolution as incorporating the statutory and case law of Pennsylvania. It is this misinterpretation coupled with the lower court's ruling of unconstitutionality that brings into play the applicability of Section 5566(b) and (c) as authorization for this assumpsit action.

As Judge KURTZ said in the opinion of the lower court: "[T]here is no question but that the School District is not entitled to the tax paid to it by the plaintiff. The plaintiff has observed all the formalities of the statute which would entitle him to the refund he seeks." We agree; all that remains is for the Court to determine the proper method for the calculation of interest on the payment of the taxpayer-appellee's claim.

The lower court ordered that interest be computed from the date of demand, citing *Girard Trust Company, Trustee v. Philadelphia City and County, Appellant*, 359 Pa. 319, 59 A. 2d 124 (1948). In *Girard*, the Supreme Court ruled that where a tax was erroneously assessed against an improper subject, and refund was sought pursuant to a statute permitting recovery of such erroneously paid taxes, that interest must be paid from the date upon which judgment was obtained for the repayment of such taxes. For interest to accrue, the Supreme Court added the following caveat: "There must, however, be an improper detention before it can be held that interest may accrue. There must be a formal demand: Philadelphia & Reading Coal and Iron Co. v. Tamaqua Borough School District, supra. See Park v. Pittsburgh School District Board of Public Education, 354 Pa. 236, 47 A. 2d 222." 359 Pa. at 326, 59 A. 2d at 128.

The lower court interpreted this language to require interest to accrue from the date of demand, rather than from the time of affirmative judgment. We do not so construe the quoted language and rule to the contrary that while a demand may be essential to a claim for refund of improperly detained tax funds, interest on such refund accrues only upon a judicial determination of such improper detention. We agree to this limited extent with the appellant-school district that interest should be calculated not from the date of original demand when the taxpayer's claim had not been judicially recognized but from the date of judicial recognition of such refund. Unlike the situation in *Girard* where there had been a previous judicial determination as to the taxpayer's individual right to recover taxes erroneously paid, *see Girard Trust Company, Trustee's Appeal*, 333 Pa. 129, 3 A. 2d 252 (1938), the taxpayer in the instant case was judicially recognized as entitled to a refund of occupation taxes only after

the lower court's ruling. No individual judicial recognition occurred before the decision now on appeal to this Court as had been the situation in *Girard* cases.

Thus, distinguished from *Girard,* we apply our own recent statement of the proper calculation of interest on tax refunds. "[B]efore interest will accrue there must be an improper detention by the taxing authority; and the taxpayer must make a demand for refund. Girard Trust Company v. City and County of Philadelphia, 359 Pa. 319, 59 A. 2d 124 (1948). However, the taxing authority's detention of the taxpayer's money is not improper until there has been a decision to this effect. Such decision may be a county assessment board's order reducing an assessment, Jefferson Memorial Park v. West Jefferson Hills School District, 397 Pa. 629, 156 A. 2d 861 (1959); or a court's order on appeal from a county assessment board, Philadelphia and Reading Coal and Iron Company v. Tamaqua Borough School District, supra; or a court's order dismissing exceptions to a decree nisi, Park v. Board of Education of Pittsburgh School District, 354 Pa. 236, 47 A. 2d 222 (1946); or an appellate court decision involving the same tax and the same taxpayer but a different tax year, Girard Trust Company v. City and County of Philadelphia, supra. We conclude, therefore, that the appellee was not entitled to interest until the court below, on November 17, 1970, ordered the refund." *Pittsburgh v. Cities Service Oil Company,* 2 Pa. Commonwealth Ct. 567, 571-72, 280 A. 2d 463, 465 (1971).

As in *Cities Service,* only a judicial determination of the individual taxpayer's right to recover the subject taxes can trigger the municipality's responsibility to pay interest, for as to the individual taxpayer there can be no determination of improper detention of funds absent a demand and, upon refusal of payment, a successful legal action by that taxpayer. Improper detention of taxes cannot be determined in vacuo without a

modicum of judicial supervision and identification of the taxpayers entitled to such refund. The appellant here admits that under the Supreme Court decision in *Lynch v. Owen J. Roberts School District, Appellant, supra,* it holds taxes improperly collected. However, it challenges the absolute right of this taxpayer, Leo W. Pickar, to obtain a refund, with or without interest, on the basis of his bare, albeit verified claim and demand. Resort to Section 5566(c) for judicial recognition of the claim is what this Court has determined is required to give legal entitlement to such refund. The lower court's decision established that right to refund under Section 5566(b) and with the judicial recognition of that right follows the concurrent right to interest.

We therefore affirm the decision of the lower court insofar as the Act of May 21, 1943, *supra,* requires appellant to refund occupation taxes to appellee but remand for the limited purpose of recalculating interest on the refunds due to taxpayer-appellee consistent with this opinion.

---

OPINION BY JUDGE KRAMER (CONCURRING IN PART AND DISSENTING IN PART):

I concur with the majority in affirming the lower court holding that the occupation taxes in question must be refunded to the appellee. I must dissent, however, on the majority's remand with directions that interest on the refund should be computed and paid only "from the date of judicial recognition of such refund."

This writer has fully set forth the reasons why the interest should be paid from the date of the original demand by the taxpayer, in the dissenting opinion filed in the case of *Pittsburgh v. Cities Service Oil Company,* 2 Pa. Commonwealth Ct. 567, 280 A. 2d 463 (1971). Once again, this is not a case where the *amount* of the

refund, or the extent of tax liability, is in question, but, rather, whether the taxing authority had any power to collect any of the tax levied and collected. Under such circumstances I would hold that interest must be computed and paid from the date of the demand for refund.