## John S. McManus, Inc. v. Upper Chichester Twp.

392

*Jason C. Tomasulo,* for plaintiff.
*Howard J. Gallagher III,* for defendant.

BURR, *S.J.,* April 19, 2011—The defendant, Upper Chichester Township, has appealed from this court's order disposing of the issues raised in the above-captioned action brought by the plaintiff, John S. McManus, Inc., under the Political Subdivision ("local") Tax Collection Law, 72 P.S. 5566 et sequitur, alleging that the defendant township had overcharged for a building permit necessary for the plaintiff's construction of an Upper Chichester Township elementary school building and its renovation of the school district's administrative office complex. Pursuant to the parties' agreement that this case should be resolved on the plaintiff's motion for summary judgment and the defendant's answer thereto, the court granted judgment for the plaintiff in the amount of $91,356.00 plus interest and costs on count I of its complaint in assumpsit, and dismissed count II thereof alleging Unjust Enrichment as moot.

A complete recapitulation of the facts and circumstances of record that gave rise to this law suit is unnecessary, inasmuch as the sole issue raised in the defendant's appeal is that the court should not have awarded interest and costs to the plaintiff. However, an objection to the plaintiff's entitlement to interest and costs was never pleaded, nor argued, by the defendant before the judgment order was entered. Moreover, the defendant's basis for raising it now has changed from a contention in its motion to vacate/reconsider the appealed from order that the plaintiff lacked entitlement to interest and costs on the

court's award because a building permit fee is not a "tax", as contemplated in section 5566b(c)(1) of the above-cited local tax collection law, to a claim expressed in the defendant's concise statement of errors complained of on appeal that plaintiff was not entitled to costs and interest on this award because it is not a "taxpayer". The relevant sections of the local tax collection statute are set forth in footnote one below.[1]

The defendant filed a timely appeal from the court's order dated January 21, 2011 which granted a refund of the overcharge to the plaintiff building contractor as well as interest and costs, and has submitted the following concise statement of errors complained of on appeal:

"In an action in assumpsit pursuant to 72 P.S. §5566 et seq. wherein plaintiff, John S. McManus, Inc. alleged

---

1. 72 P.S. § 5566b. Refund of taxes, etc., to which political subdivision is not legally entitled; interest

(a) Whenever any person or corporation of this Commonwealth has paid or caused to be paid, or hereafter pays or causes to be paid, into the treasury of any political subdivision, directly or indirectly, voluntarily or under protest, any taxes of any sort, license fees, penalties, fines or any other moneys to which the political subdivision is not legally entitled; then, in such cases, the proper authorities of the political subdivision, upon the filing with them of a written and verified claim for the refund of the payment, are hereby directed to make, out of budget appropriations of public funds, refund of such taxes, license fees, penalties, fines or other moneys to which the political subdivision is not legally entitled. Refunds of said moneys shall not be made, unless a written claim therefor is filed, with the political subdivision involved, within three years of payment thereof.

*****

(c)(1) Any taxpayer who has paid any tax money to which the political subdivision is not legally entitled shall receive interest on such sum of money. The political subdivision shall pay interest on such sums at the same rate and in the same manner as the Commonwealth is required to pay pursuant to section 806.1 of the act of April 9, 1929 (P.L. 343, No. 176), known as 'The Fiscal Code.'" (*Id.*). (Emphasis added).

that he (sic) paid an over-assessed license fee to defendant, Upper Chichester Township, the judgment order dated January 21, 2011, improperly awarded plaintiff interest and costs. Upon the filing of a written and verified claim, 72 P.S. §5566b allows for a refund for any taxes of any sort, license fees, penalties, fines or any other monies (sic) [to] which a political subdivision is not legally entitled and authorizes a refund. 72 P.S. §[5566b(c)(1)] allows interest to a taxpayer who has paid tax money to which the political subdivision is not legally entitled. This matter involved a dispute over the payment by a non-taxpayer of a license fee." (*Id.*, p. 1).

A thorough, careful, and thoughtful review of the pleadings which have been filed in this action reveals that the defendant township had never objected to the plaintiff's request for interest and costs, nor for any other form of equitable relief to be awarded by the court if the plaintiff were to prevail in receiving a refund of the overcharged amount of the subject building permit fee. There is no mention in the defendant's answer and new matter to the plaintiff's complaint of any putative lack of entitlement to interest and costs in the event a refund was awarded. Moreover, the defendant township did not raise this issue in its answer to the plaintiffs motion for summary judgment, nor argued against any such award in its accompanying memorandum of law. It was not until the defendant filed a motion to vacate/reconsider the order that is currently the subject of this appeal that any semblance of the issue now raised in its concise statement ever, in fact, appeared. Even

then, the matter was expressed in mere boilerplate fashion accompanied by a two page memorandum of law utterly bereft of supporting legal citations that would lend support to this claim. For these reasons, any issue raised herein must be deemed waived. Pennsylvania Rule of Appellate Procedure 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974); *Slappos v. J's Development Associates, Inc.*, 791 A.2d 409 (Pa. Super. 2002)(barebones assertions and argument not appropriately developed by citation to authority are waived); *Korn v. Epstein*, 727 A.2d 1130, 1135 (Pa. Super. 1999)(appellant bears burden of establishing entitlement to relief by showing that trial court's ruling is erroneous under the evidence and the law).

The defendant's motion to vacate/reconsider the order dated January 21, 2011 that granted the plaintiff a refund of the over-assessed portion of the defendant township's building permit fee as well as interest and costs was denied on February 18, 2011 with a cited reference to the on-point case authority of *Skepton v. Borough of Wilson,* 755 A.2d 1267 (Pa. 2000), to signal the court's underlying rationale therefor. Contrary to the alleged error presently contended in this appeal that the plaintiff was not entitled to interest and costs under section 5566b(c)(1) of the Local Tax Collection Law because it was not a "taxpayer", the defendant's motion to vacate/reconsider the order on appeal reflected a mere boilerplate allegation accompanied by a short and barebones memorandum of law, completely bereft of citation to appropriate legal authority, that the

over-assessed building permit fee charged against the plaintiff was not a "tax" pursuant to section 5566b(a) of the statute.

The defendant's memorandum of law submitted in support of the defendant's motion to vacate/reconsider the order dated January 21, 2011 is recapitulated below in its entirety:

"It is the Township's position that a building permit fee is not a tax. The building permit fee at issue was a license fee designated to compensate Township for the costs that it incurred as regards the inspection of the Hilltop Elementary School. The building permit fee was not a tax and is not revenue enhancing, but was a fee imposed solely to reimburse Township for various costs it would incur during the aforesaid inspection process.

McManus' complaint references the Local Tax Collection Law, 72 P.S. §5566 et seq. At §5566b(a), it is stated as follows:

'Whenever any person or corporation in this commonwealth is paid or caused to be paid, or hereinafter pays or causes to be paid, into the Treasurer [sic] of any political subdivision, directly or indirectly, voluntarily or under protest, any taxes of any sort, license fees (emphasis added), penalties, fines or any other moneys to which a political subdivision is not [legally] entitled. . ."

Again, a license fee is distinguishable from a tax. The

la[t]ter is revenue producing authorized under the taxing power of a governmental authority, while the former is imposed solely to reimburse a governmental authority for costs incurred and is authorized under the policing power of the local government. A 'license fee' is imposed for regulatory purposes and a 'tax' is imposed solely for the purpose of raising revenue. A license fee may be charged to defray the costs of inspections, but the fee cannot be a revenue enhancing measure. The building permit fee assessed in this matter was a fee to defer administrative costs, and was not a tax to raise revenue.

The Local Tax Collection Law at 72 P.S. 5566b(c)(1) specifically authorizes interest to be paid on 'tax money'. The statutory language in that regard is specific. Likewise, the reference therein to the 'Fiscal Code' at §806.1, Title 72 (72 P.S. §806.1), again, specifically refers to the payment of a 'tax'.[2]

Wherefore, Township respectfully requests that this

---

2. "72 P.S. § 806.1. Interest on overpayments

(a) "Overpayment" shall mean any payment of tax which is determined in the manner provided by law not to be legally due. Simple interest shall be allowed and paid by the Commonwealth upon any overpayment to the Commonwealth of any tax...." (*Id.*).

With all due respect to the Defendant Township, the obligation of a taxing authority for the payment of interest on taxes received and to which it was not legally entitled and for which there has been made a formal demand and a ruling of improper detention was judicially determined a long time ago. *Girard Trust Co. v. City & County of Philadelphia*, 359 Pa. 319, 326, 59 A.2d 124, 128 (1948), citing to *Park v. Pittsburgh School District Board of Public Education*, 354 Pa. 236, 47 A.2d 222 (1946), and *Philadelphia & Reading Coal & Iron Company v. School District Borough of Tamaqua*, 304 Pa. 489, 156 Atl. 75,76 (1931).

honorable court enter an order vacating/reconsidering its judgment order of January 21, 2011, pending further review by this court. (Defendant's memorandum of law in support of motion to vacate/reconsider order, pp. 1-2).

Even if the defendant had presented a cognizable issue regarding the efficacy of awarding the plaintiff interest and costs in addition to the refund of an impermissibly over-assessed building permit fee, the relevant interpretative case law of this commonwealth, completely ignored by the defendant here below, currently makes no distinction between a tax and a license fee listed in Section 5566b(a) of the Local Tax Collection Law, nor does it deem a building contractor seeking refund of an overcharge for a building permit fee not to be a "taxpayer" and thus ineligible for interest and costs awardable under section 5566(c)(1) thereof. See: *Skepton v. Borough of Wilson,* supra (affirmance by the Pennsylvania Supreme Court of refund of building permit fees assessed against a school building contractor pursuant to municipal ordinances subsequently deemed constitutionally invalid and unenforceable, plus interest and costs); The *Borough of Malvern v. K.R.I. Corporation, et al.,* 131 Pa. Cmwlth. 432, 570 A.2d 633 (1990)(building contractor who paid permit fee pursuant to zoning ordinance allowing for building of multifamily dwellings was entitled to refund, with statutory 6% interest, upon revocation of ordinance, even though ordinance was never ruled invalid or challenged in court). It was, therefore, proper and in accord with the evidence of record and the law for the court to refund the plaintiff building

contractor the amount of the subject building permit fee to which the defendant was not entitled, plus legal interest and the costs expended in the bringing of this action to recover it. *Skepton v. Borough of Wilson*, supra; 72 P.S. 5566b(a) and (c)(1).

## Conclusion

The appellate standard of review of a contested ruling in an action in assumpsit for a tax refund brought under the Local Tax Collection Law is whether the trial court abused its discretion, committed an error of law, or rendered a decision unsupported by the evidence. *Skepton v. Borough of Wilson*, supra, 755 A.2d at 1269, citing to *Glenn Johnston, Inc. v. Department of Revenue*, 556 Pa. 22, 726 A.2d 384, 385 n. 1 (1999). Where the inquiry deals with an allegation as to an error of law, the scope of review is plenary. *Id.*, citing to *Phillips v. A-Best Products Co.*, 542 Pa. 124, 665 A.2d 1167, 1170(1995).

It has been shown, despite the defendant's clear waiver of any issue raised in this appeal, that there was no error of law, nor abuse of discretion in this court's award of a refund plus interest and costs to the plaintiff. The evidence of record presented in this action to recover taxes wrongly collected and retained by the defendant, as well as the case law handed down by the courts of this commonwealth interpreting the local tax collection law mandate that this ruling not be reversed.