## Cities Service Oil Company, Appellant, *v.* Pittsburgh.

482

Argued March 14, 1972.  Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and NIX, JJ.

*J. Robert Maxwell,* with him *Maxwell and Huss,* for appellant.

*Grace S. Harris,* Special Assistant City Solicitor, and *Bernard Markovitz,* Assistant Solicitor, with them *Ralph Lynch, Jr., City Solicitor,* and *Justin M. Johnson,* Solicitor, for appellees.

OPINION BY MR. CHIEF JUSTICE JONES, November 30, 1972:

Cities Service Oil Company, doing business in the City of Pittsburgh, operated a retail service station at Coltart and Bates Streets and maintained a business office at 32 East Carson Street.[1] In April 1957, the City of Pittsburgh and the School District of Pittsburgh audited the records of Cities Service's business office on Carson Street and assessed mercantile tax deficiencies including penalties and interest totaling $47,-381.65 for the years 1949 through 1952. Cities Service paid this sum, under protest, in June 1957 and prompt-

---

[1] Pursuant to the Act of 1947, June 20, P. L. 745, 24 P.S. §582.1, and City of Pittsburgh Ordinance 509, approved December 15, 1948, imposing mercantile license taxes, Cities Service filed returns for 1949, 1950, 1951 and 1952 (all prior to March 15, 1952) and paid mercantile taxes on its sales at the retail service station.

ly petitioned for a refund of the amount paid. The City Treasurer representing both the City and the School District upheld the deficiency on June 24, 1957. On August 29, 1957, Cities Service filed an appeal to the Allegheny County Courts. A hearing was held upon the request of the City and School District on June 4, 1970. On November 17, 1970, the lower court held that Cities Service was entitled to a repayment of improperly assessed and collected mercantile taxes, penalties and interest on its Carson Street business office, along with simple interest at 6%, calculated from the date the petitions for refund were filed in 1957. The City and School District appealed to the Commonwealth Court of Pennsylvania.

The Commonwealth Court held that Cities Service was not subject to the mercantile taxes on its Carson Street business office and that, even if Cities Service was subject to the taxes, the deficiency assessments were barred by the legislation's statute of limitations.[2] *Pittsburgh v. Cities Service Oil Company*, 2 Pa. Commonwealth Ct. 567, 280 A. 2d 463 (1971). In affirming the lower court decision, the Commonwealth Court (with Judge KRAMER concurring in part and dissenting

---

[2] The Act of 1947, June 20, P. L. 745, 24 P.S. §582.8(b), provides in part: "Section 8(b). The collector is hereby charged with the administration and enforcement of the provisions of this act, and is hereby empowered to prescribe, adopt, promulgate and enforce rules and regulations relating to any matter pertaining to the administration and enforcement of this act, including provisions for the re-examination and correction of returns, and payments alleged or found to be incorrect, or as to which an overpayment is claimed, or found to have occurred. No assessment may be made more than five years after the date on which such taxes should have been paid, except where a fraudulent return or no return has been filed. Any person aggrieved by any decision of the collector shall have the right of appeal to the County Court of Allegheny County." Ordinance No. 465, approved November 27, 1956, under which the city taxes were levied, contains an identical limitation for deficiency assessments.

in part) modified the judgment for Cities Service by only allowing interest from the date of the lower court's judgment, November 17, 1970.

Review was sought by the City and the School District on whether the tax assessment on the Carson Street business office was improper and by Cities Service on whether the lower court judge properly exercised his equitable powers in awarding interest from the date of appeal and demand on August 29, 1957. We granted review only to determine the date from which interest should be computed when a taxpayer has paid an improper mercantile tax assessment and subsequently made demand for a refund.

If a taxpayer is entitled to a tax refund, he is also entitled to interest on the refund so long as no statute or public policy militates against it. *Philadelphia & Reading Coal & Iron Company v. Tamaqua Borough School District,* 304 Pa. 489, 496, 156 Atl. 75, 77 (1931). The Commonwealth Court, in determining the date from which to compute the interest due Cities Service, stated, ". . . before interest will accrue there must be an improper detention by the taxing authority; and the taxpayer must make a demand for refund. *Girard Trust Company v. City and County of Philadelphia,* 359 Pa. 319, 59 A. 2d 124 (1948). However, the taxing authority's detention of the taxpayer's money is not improper until there has been a decision to this effect." 2 Pa. Commonwealth Ct. at 571, 280 A. 2d at 465.

We agree that there must be an improper detention and that the taxpayer must make a demand for refund. We disagree that in all cases improper detention commences from the date of a decision to that effect. Rather, we believe that a court can decide that a taxing body has improperly detained the taxpayer's money from a point in time prior to the determination that the detention is improper. As argued by Judge KRAMER

in his concurring and dissenting opinion, there is a distinction between those cases where the amount of a refund is in issue and not the tax itself and those cases where the amount of a refund is not in issue because the tax itself is invalid. 2 Pa. Commonwealth Ct. at 574, 280 A. 2d at 466. In the former situation, the tax is valid and, therefore, there is not an improper detention until it is determined that the amount of the tax was incorrectly computed, requiring the lower court to establish the amount of the refund, interest accruing from the date of the lower court's decision, *e.g.*, a real estate tax based on an incorrect property assessment. *See, Jefferson Memorial Park v. West Jefferson Hills School District,* 397 Pa. 629, 156 A. 2d 861 (1959); *Park v. Pittsburgh School District Board of Public Education,* 354 Pa. 236, 47 A. 2d 222 (1946); *Philadelphia & Reading Coal & Iron Co. v. Tamaqua Borough School District,* supra. However, where a taxpayer pays a specific sum of money under protest and it is later determined that the taxing authority had no right to demand payment of this tax, then the detention was improper from the date the tax was paid, interest accruing from that date provided a demand for refund has been made.

Neither *Koolvent Aluminum Awning Company of Pittsburgh v. Pittsburgh,* 192 Pa. Superior Ct. 650, 162 A. 2d 256 (1960), nor *Girard Trust Company v. Philadelphia,* 359 Pa. 319, 59 A. 2d 124 (1948), require a contrary rule. In *Koolvent* the taxpayer sued for interest from the date the lower court rendered a judgment against the School District of Pittsburgh for a refund of mercantile taxes. The Superior Court granted what the taxpayer asked for and was not asked to decide if the taxpayer could receive interest from the date the tax was paid and demand for refund made. Moreover, the Superior Court in *Koolvent* distinguished those cases where the lower court determines the amount of refund from those cases where the amount of refund

is not in question. The Superior Court concluded that the taxpayer paid taxes which *"the law did not impose in any amount"* and that the taxing authorities "were using money to which they never had a legal right." 192 Pa. Superior Ct. at 656-57, 162 A. 2d at 259. Similarly, the question of when the improper detention occurred was not raised in *Girard*. There the taxpayer discovered in June 1946 that he had erroneously paid a 1934 tax up until 1946. The taxpayer, however, demanded interest from March 1, 1946. The court by awarding interest from March 1, 1946, again only did what the taxpayer asked.

Here the taxpayer has asked that interest be computed from the date of payment and demand for refund. Courts in charging and allowing interest need not limit themselves by hard and fast rules but should charge and allow interest in accordance with principles of equity. *McDermott v. McDermott,* 130 Pa. Superior Ct. 127, 196 Atl. 889 (1938). That the taxpayer's money was improperly detained and demand for refund made should be sufficient to justify a court's exercise of its equity powers. Here, however, the taxpayer paid the taxes promptly once they were assessed; inflation has deteriorated the value of the dollar that was improperly detained by the City and School District; and the City and School Districts, never having any right to the money, were able to borrow less or invest the money. Since the City and School District benefited from the use of the taxpayer's money, it is only fair that the taxpayer receive simple interest for the period the money was improperly detained.

Moreover, if taxing authorities are authorized to collect combined interest and penalties on back taxes to their original due dates (at a rate greater than the simple interest sought here on a refund), we see no hardship in requiring them to pay simple interest on amounts improperly detained from the date of payment

and demand. See, Bachrach, Taxation, 22 U. Pitt. L. Rev. 173, 188 (1960).

The Commonwealth Court also suggested that the record's silence as to the reason for a twelve-year delay between the filing of the appeal and formal demand for a refund, August 29, 1957, and the date of the lower court's decision, November 17, 1970, also justified limiting interest from the date of the lower court's decision. 2 Pa. Commonwealth Ct. at 572, 280 A. 2d at 465-66. Once it has been determined that the tax was improperly collected, the delay becomes irrelevant since the taxing authority had been put on notice by the taxpayer's timely demand for a refund. The record fails to show that as to the interest the City and School District were sufficiently prejudiced by the delay. If concerned about the delay, the City and School District could have requested a hearing prior to 1970.

We reverse the Commonwealth Court's order as to the date from which the interest is to be computed and affirm the lower court's allowance of simple interest from August 29, 1957.

Mr. Justice MANDERINO took no part in the consideration or decision of this case.

––––––––

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

The Allegheny Court of Common Pleas awarded appellant repayment of improperly assessed and collected mercantile taxes along with simple interest from the time the appeal and demand for refund was filed on August 29, 1957. On appeal the Commonwealth Court modified that order, granting interest to appellant only from the date of the court's decision—November 17, 1970. I would affirm the Commonwealth Court.

Clearly there is a presumption of validity of a tax assessment, and the burden is on the taxpayer to establish that the assessment is invalid. *Hammermill Paper*

*Co. v. Erie,* 372 Pa. 85, 92 A. 2d 422 (1952); *John Wanamaker, Philadelphia, Appeal,* 360 Pa. 638, 63 A. 2d 349 (1949). Therefore any payment and detention of the taxpayer's money is not improper *until* an adjudication to that effect by the proper court. See *Park v. Pittsburgh School Dist. Bd.,* 354 Pa. 236, 47 A. 2d 222 (1946). Prior to the court's determination of invalidity the tax and payment thereunder are presumed valid. It follows, therefore, that interest on the amount improperly paid does not accrue *until* the court determines that there was an improper detention of the taxpayer's money.

Moreover, in this case there is an equally compelling reason for the result reached by the Commonwealth Court denying interest from the date of appellant's payment under protest in 1957. For reasons not apparent from the record, appellant, as the moving party, delayed for 13 years—an incredibly undue delay—in diligently pursuing its remedy in the courts. Nor has appellant attempted to justify such delay. Consequently, no reason has been advanced—and certainly none exists—for using general tax revenues to pay interest on a tax claim which appellant has permitted to languish in the courts for more than a dozen years.

The decision of the Commonwealth Court awarding interest only from November 17, 1970—the date of the Allegheny Court or Common Pleas' entry of judgment —is fully supported in law and reason and should be affirmed.

I dissent.

Mr. Justice NIX joins in this dissenting opinion.