The Municipality of Monroeville, Appellant *v.* Henry L. Bertolo, t/d/b/a The Car Stereo Shop, Appellee.

The Municipality of Monroeville, Appellant *v.* The May Department Stores Company, Appellee.

The Municipality of Monroeville, Appellant *v.* Cox's, Appellee.

The Municipality of Monroeville, Appellant *v.* J. M. Balter Co., d/b/a Jaison's, Appellee.

The Municipality of Monroeville, Appellant *v.* Gimbel Brothers, Inc., Appellee.

The Municipality of Monroeville, Appellant *v.* Associated Dry Goods Corporation, Appellee.

Associated Dry Goods Corporation, Appellant *v.* The Municipality of Monroeville, Appellee.

Gimbel Brothers, Inc., Appellant *v.* The Municipality of Monroeville, Appellee.

Argued March 13, 1984, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, BARRY and COLINS.

*George L. Cass,* with him, *John J. McLean, Jr.,* and *William F. Giarla, Buchanan, Ingersoll Professional Corporation,* and *Avrum Levicoff, Egler & Reinstadtler,* and *John D. Finnegan,* for appellant/appellee, The Municipality of Monroeville.

*William G. Merchant, Papernick & Gefsky, P.C.,* for appellee, Henry L. Bertolo, t/d/b/a The Car Stereo Shop.

*Joseph F. McDonough,* with him, *Kevin P. Lucas, Manion, Alder & Cohen, P.C.,* for appellee, The May Department Stores Company.

*Lisle A. Zehner,* for appellees, Cox's and J. M. Balter Co., d/b/a Jaison's.

*Jeffrey S. Blum,* with him, *Henry A. Morrow, Jr.* and *Kevin C. Abbott, Thorp, Reed & Armstrong,* for appellee/appellant, Gimbel Brothers, Inc.

*Neal R. Brendel,* with him, *Judd N. Poffinberger, Jr., Kirkpatrick, Lockhart, Johnson & Hutchison,* for appellee/appellant, Associated Dry Goods, Inc.

*Victor R. Delle Donne, Baskin and Sears, P.C.,* for Amicus Curiae, Municipality of Bethel Park, Allegheny County.

*Donald J. Lee, Dougherty, Larrimer & Lee,* for Amicus Curiae, Borough of Greentree, Allegheny County.

*Benjamin R. Jones, II,* for Amicus Curiae, Township of Kingston, Luzerne County.

*John F. Cambest, Conway, Meyer & Cambest,* for Amicus Curiae, City of McKeesport, Allegheny County.

*August C. Damian,* for Amicus Curiae, Municipality of Penn Hills, Allegheny County.

*D. R. Pellegrini,* Solicitor, with him, *Marvin A. Fein,* Deputy Solicitor, for Amicus Curiae, City of Pittsburgh, Allegheny County.

*William F. Morgan,* for Amicus Curiae, Borough of Warren, Warren County.

*Carl N. Frank,* for Amicus Curiae, City of Wilkes-Barre, Luzerne County.

*George F. Mahaney,* for Amicus Curiae, State Association of Boroughs.

OPINION BY JUDGE COLINS, August 9, 1984:

The Municipality of Monroeville (appellant) appeals from an opinion and order of the Court of Common Pleas of Allegheny County, declaring Monroeville's mercantile license tax invalid to the extent that it imposed mercantile license taxes upon certain classifications of retailers at a rate in excess of one and one-half mills, the maximum rate permitted by The Local Tax Enabling Act (LTEA).[1]

Six taxpayers (Henry L. Bertolo, d/b/a Car Stereo Shop, May Department Stores Company, Cox's, J. M. Balter Co., d/b/a Jaison's, Gimbel Brothers, Inc., and Associated Dry Goods Corp.) (appellees) challenged the tax to the extent that it exceeded the maximum rate of one and one-half mills under LTEA. The Car Stereo Shop and Gimbel Brothers, Inc. filed suits for declaratory judgments and refunds. The remaining taxpayers, in addition to filing suits for declaratory judgments and refunds, also filed complaints in equity which sought injunctions against the enforcement of the tax based upon the excess millage. After consolidation, Judge MAURICE LOUIK of the Court of Common Pleas of Allegheny County entered an Order of July 6, 1982, in which he declared that the taxes were invalid to the extent they exceeded one and one-half mills, denied refund claims to Gimbel Brothers, Inc. and Associated Dry Goods, Corp. for the years 1978 and 1979 on grounds of laches, and set further hearings on the refund claims of May Department Stores Co., Cox's, and Jaison's for the year 1980.

---

[1] Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §§6901-6924.

The appellant filed timely exceptions to the declaration of invalidity and the appellee taxpayers filed timely exceptions to the denial of refunds for the years 1978 and 1979. Further hearings were held in the May Department Stores Co.'s, Jaison's and Cox's cases, and the Court, finding no laches with respect to the year 1980, ordered refunds to such taxpayers. The appellant filed further exceptions in these three cases and May Department Stores Co. filed exceptions on the grounds that its refund award did not include interest. By an Order entered February 24, 1983, the Court of Common Pleas (en banc, per Judges LOUIK and SMITH), denied the exceptions of all parties, except those of May Department Stores Co. as to interest, and ordered judgment in favor of May against the appellant for the amount claimed by it for the year 1980, together with interest, and in favor of Cox's and Jaison's for the amounts claimed by them on refunds for the year 1980 without interest.

On March 15, 1983, the appellant filed Notices of Appeal to this Court from the Orders entered by the Court (en banc) denying the exceptions and entering judgments in favor of May, Cox's and Jaison's. On March 25, 1983, the appellant filed a Praecipe in each case to enter the July 6, 1982, Order as a Final Decree and an Amended Notice of Appeal designating that Final Decree as the Order from which the appellants now appeal. Associated Dry Goods, Corp. and Gimbel Brothers, Inc. have also filed Notices of Appeal, which are herein consolidated.

On January 5, 1976, the appellant became a Home Rule Charter Municipality.[2] On June 27, 1977, appellant enacted Ordinance No. 1076, which repealed conflicting ordinances and imposed a mercantile license

---

[2] Home Rule Charter Law, Act of April 13, 1972, 53 P.S. §§1-101-1-1309.

tax on retail dealers at a rate of one and one-half mills on each dollar of the volume of the annual gross business transacted. The ordinance stated that it was imposing the tax pursuant to the authority of LTEA. On March 7, 1978, the appellant increased the mercantile tax rate to two mills through Ordinance 1108, which also recited LTEA as authority. Ordinance 1206 was enacted on January 22, 1980, further amending the rate to four mills.

## I.

The appellant first argues that it is entitled to impose a mercantile license tax in excess of the maximum rate of one and one-half mills mandated by LTEA. We disagree.

Article IX of the Pennsylvania Constitution[3] provides that "[a] municipality which has a home rule charter may exercise any power or perform any function not denied by this Constitution, by its home rule charter or by the General Assembly at anytime." The Home Rule Law reiterates this constitutional grant of powers, and Section 302[4] more specifically provides for the denial or limitation of certain powers. This section states that:

(a) The home rule charter adopted in accordance with the provisions of this act shall not give any power or authority to the municipality contrary to, or in limitation or enlargement of powers granted by acts of the General Assembly which are applicable to a class or classes of municipalities on the following subjects:

. . . .

(6) The fixing of subjects of taxation.

---

[3] Pa. Const. Art. IX §2.
[4] 53 P.S. §1-302.

(7) The fixing of the rates of non-property or personal taxes levied upon nonresidents.

. . . . :

(9)(b) No municipality shall . . . (ii) exercise power contrary to, or in limitation or enlargement of powers granted by acts of the General Assembly which are applicable in every part of the Commonwealth. . . .

(c) Acts of the General Assembly in effect on the effective date of this act that are uniform and applicable throughout the Commonwealth shall remain in effect and shall not be changed or modified by this act. Acts of the General Assembly enacted after the effective date of this act that are uniform and applicable throughout the Commonwealth shall supersede any municipal ordinance or resolution on the same subject.

(d) No municipality which adopts a home rule charter shall at any time thereunder determine duties, responsibilities or requirements placed upon businesses, occupations and employers, including the duty to withhold, remit or report taxes or penalties levied or imposed upon them or upon persons in their employment, except as expressly provided by acts of the General Assembly, which are applicable in every part of the Commonwealth or which are applicable to all municipalities or to class or classes of municipalities.

. . . .

(f) Nothing contained herein shall limit or take away any right of a municipality which adopts a home rule charter from levying any tax which it had the power to levy had it not adopted a home rule charter.

In Section 8 of The Local Tax Enabling Act,[5] the General Assembly provided that:

> [N]o taxes levied under the provisions of this act shall be levied by any political subdivision [as a mercantile license tax] exceeding the rates specified in this section:
>
> . . . .
>
> On each dollar of the whole volume of business transacted by . . . retail dealers in goods, wares, and merchandise . . . one and one-half mills. . . .

Pursuant to Subsection (a)(6), the appellant cannot levy a mercantile tax in excess of this rate since LTEA has already fixed the subject of mercantile license taxes at one and one-half mills

Furthermore, Subsection (a)(7), prevents appellant from levying a tax greater than one and one-half mills against the appellees, since the Home Rule Law forbids such municipalities from limiting or enlarging the powers granted by acts of the General Assembly which involve the fixing of the rates of non-property or personal taxes levied upon "non-residents." The General Assembly has already fixed this rate at one and one-half mills in Section 8 of LTEA. All of the appellees, with the exception of The Car Stereo Shop, are "non-residents" of Monroeville.[6]

Although the term "non-resident" is not defined in the Home Rule Act, LTEA defines[7] a "non-

---

[5] 53 P.S. §6908.

[6] Although this argument is not applicable to Bertolo, the other arguments in Section I apply.

[7] In *Commonwealth Higher Ed. Assistance Agency v. Abington Memorial Hospital*, 478 Pa. 514, 387 A.2d 440 (1978), the Pennsylvania Supreme Court stated:

> Our aim in statutory construction, of course, is to ascertain and effectuate the intention of the legislature; to the extent the legislative definition is not explicit, we may also consider, among other matters, the occasion and necessity

resident'' as ''[a] person, partner, association or other entity domiciled outside the taxing district.''[8] Domicile, under LTEA, is defined as ''that place where its functions are discharged.''[9] May Department Stores Co., Associated Dry Goods Corp., and Gimbels are foreign corporations maintaining their principal places of business in states other than Pennsylvania. Cox's and Jaison's are Pennsylvania corporations, with their principal places of business in Pennsylvania, but not within Monroeville.

The appellant's assertion that doing business in Monroeville makes one a resident of the municipality deprives the Home Rule Charter Act limitation of any meaning or significance as to corporations. Reading that provision as appellant wishes, ''non-resident'' corporations would include only those who are not doing business in Monroeville. Yet, those corporations not doing business within Monroeville cannot be subjected to a non-property tax or any tax by Monroeville, since there is no nexus which would give Monroeville jurisdiction to tax.[10]

---

for the statute, the circumstances under which it was enacted, the mischief to be remedied, the object to be attained, the former law, if any, including other statutes upon the same or similar subjects, the consequences of a particular interpretation, the contemporaneous legislative history and the legislative and administrative interpretations of the statute.

*Id.* at 521, 387 A.2d 444.

In this case, The Local Tax Enabling Act is both the "former law" and a statute upon the "same or similar subjects."

[8] 53 P.S. §6913.

[9] *Id.*

[10] In ascertaining the intention of the General Assembly in the enactment of a statute, the following [presumption] . . . is used:

(1) That the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable.

1 Pa. C. S. §1922.

Pursuant to Subsection (c), the appellant cannot levy a tax in excess of that imposed by LTEA. In order to fully understand Subsection (c), we must first examine Subsection (b). Subsection (b) prohibits a municipality from exercising powers contrary to or in enlargement of powers granted by Acts of the General Assembly which are applicable "in every part" of the Commonwealth. Since LTEA has not been adopted in every part of the Commonwealth, Subsection (b) is inapplicable to the instant case. However, Subsection (c) does restrict the appellant from ignoring the limitations of LTEA. Subsection (c) provides that Acts of the General Assembly which are uniform and applicable "throughout" the Commonwealth shall supercede any municipal ordinance or resolution on the same subject. LTEA is a statute which is uniform and applicable "throughout" the Commonwealth, as it applies to all municipalities, except Philadelphia which has separate, but analogous, enabling act legislation. Subsection 1-302(d) provides another restriction in the Home Rule Act which prevents the appellant from ignoring LTEA. Subsection (d) states that no municipality shall determine "duties, responsibilities or requirements placed upon businesses . . . including the duty to withhold, remit or report taxes . . . except as expressly provided by acts of the General Assembly. . . ." When the appellant imposes a mercantile tax at a rate in excess of that mandated by LTEA, it is determining that businesses have a duty and responsibility to remit the tax.[11]

---

[11] This section uses the language "which are applicable in every part of the Commonwealth *or* are applicable to all municipalities or to a class or classes of municipalities" (emphasis added). LTEA, even though Phiadelphia does not follow it, is applicable to a class of municipalities.

Subsection (f) prohibits the appellant from levying a tax in excess of one and one-half mills and allows home rule municipalities to continue to levy any tax which it had the power to levy had it not adopted a home rule charter. Since the appellant has never had the power to impose a mercantile tax in excess of the rate mandated by LTEA then, it cannot now do so.

Also, the appellant's Ordinance No. 1076, as amended by Ordinance No. 1206, to increase the rate of taxation on retail business to four mills, is invalid because it was not enacted in accordance with the appellant's own notice and publication requirements. The notice read as follows: "Ordinance No. 1206 [—] An Ordinance of the Municipality of Monroeville Amending Ordinance No. 1076, Section 4(a), (b), and (c), Known as The Mercantile License Ordinance." The appellant's Home Rule Charter provides that "the full text of the ordinance need not be published; instead, the title and general summary of the substance of the ordinance will be sufficient to meet publication requirements."[12] The notice published by the appellant does repeat verbatim the title of Ordinance No. 1076, but does not in any manner provide a summary of the substance of the Ordinance.

## II.

, The appellant next contends that the court (en banc) erroneously awarded appellee, May Department Stores Co. (May) interest on its refund claim. We disagree.

The appellant argues that since May did not pay its taxes under protest, then it is not entitled to interest on the tax payments. In support of this position, the appellant relies on *Cities Service Oil Co. v. Pittsburgh*, 449 Pa. 481, 297 A.2d 466 (1972) and *Public Parking Authority of Pittsburgh v. City of Pitts-*

---

[12] Monroeville Charter, §504.

*burgh,* 28 Pa. Commonwealth Ct. 329, 368 A.2d 925 (1977).

In *Cities Service Oil Co.* and *Public Parking Authority of Pittsburgh,* both the Commonwealth and Supreme Courts held that where the taxpayer contests the amount of the taxes he has been required to pay, but not the validity of the ordinance, interest accrues only from the date of the court's judgment in his favor, but where the ordinance itself has been successfully challenged, interest accrues from the date the taxes were paid providing the taxpayer paid under protest and has demanded a refund.

These cases, however, do not preclude the payment of interest from the date of a refund request where there was no initial protest, and the ordinance is ultimately invalidated. That situation, which is presently before us, was not before the Court in either *Cities Service Oil Co.* or *Public Parking Authority of Pittsburgh.*

In *Cities Service Oil Co.,* 449 Pa. at 487, 297 A.2d at 469, the Supreme Court stated that "[c]ourts in charging and allowing interest need not limit themselves by hard and fast rules but should charge and allow interest in accordance with principles of equity."

After considering the equities, we affirm the court en banc's award of interest to the taxpayer, said interest to accrue from the time of May's refund request.

### III.

Associated Dry Goods Corp. and Gimbel Brothers, Inc. argue that the trial court erred in applying the doctrine of laches to deny their 1978 and 1979 refund claims. We disagree.

"Laches requires not only a passage of time, but also a resultant prejudice to the party asserting the

doctrine." *Jones v. Oxford School District,* 3 Pa. Commonwealth Ct. 102, 105, 281 A.2d 188, 190 (1971). In *Wilson v. Philadelphia School District,* 328 Pa. 225, 195 A. 90 (1937), the plaintiffs sought to enjoin the defendant school district from levying and collecting certain taxes. At the time of levy, the plaintiffs knew that the revenues to be derived from their payment of the taxes would be relied upon to support certain funds of the defendant. The court stated that:

[O]nce a taxpayer has omitted to voice his objection within a reasonable time after the levy has been made and with knowledge that his claim will be made the basis of expenditures to be incurred, and the expenditures have been made, it is too late for him to attempt to impeach the validity of the tax levy. Under such circumstances, he must be deemed to have waived all right to assert any constitutional objection which might have afforded him protection had he chosen to invoke it at the proper time.

*Id.* at 246, 195 A. at 101.

In the instant case, both Associated Dry Goods Corp. and Gimbel Brothers, Inc. waited for over two years before they challenged the imposition of Monroeville's mercantile tax, at a rate in excess of one and one-half mills, for the years 1978 and 1979. Also, the Borough of Monroeville was prejudiced by Associated Dry Goods Corp.'s and Gimbel Brothers, Inc.'s failure to voice their objections to the Borough's tax within a reasonable time. This prejudice stemmed from the Borough's reliance upon the monies collected in 1978 and 1979.

Accordingly, for the aforementioned reasons, we affirm the order of the trial court in all six appeals which declared the mercantile taxes in excess of one and one-half mills to be invalid and unenforceable. In

addition, we affirm the order of the trial court denying refunds for the years 1978 and 1979, to Associated Dry Goods Corp. and Gimbel Brothers, Inc., due to laches.

ORDER IN 717 C.D. 1983

AND Now, August 9, 1984, the order of the Court of Common Pleas of Allegheny County, dated July 6, 1982, is hereby affirmed.

ORDER IN 718 C.D. 1983

AND Now, August 9, 1984, the orders of the Court of Common Pleas of Allegheny County dated July 6, 1982, and February 24, 1983, are hereby affirmed.

ORDER IN 719 C.D. 1983

AND Now, August 9, 1984, the orders of the Court of Common Pleas of Allegheny County dated July 6, 1982, and February 24, 1983, are hereby affirmed.

ORDER IN 720 C.D. 1983

AND Now, August 9, 1984, the orders of the Court of Common Pleas of Allegheny County dated July 6, 1982, and February 24, 1983, are hereby affirmed.

ORDER IN 767 C.D. 1983

AND Now, August 9, 1984, the order of the Court of Common Pleas of Allegheny County dated July 6, 1982, is hereby affirmed.

ORDER IN 768 C.D. 1983

AND Now, August 9, 1984, the order of the Court of Common Pleas of Allegheny County dated July 6, 1982, is hereby affirmed.

ORDER IN 958 C.D. 1983

AND Now, August 9, 1984, the order of the Court of Common Pleas of Allegheny County dated July 6, 1982, is hereby affirmed.

ORDER IN 959 C.D. 1983

AND Now, August 9, 1984, the order of the Court of Common Pleas of Allegheny County dated July 6, 1982, is hereby affirmed.

---

CONCURRING OPINION BY JUDGE CRAIG:

I join entirely in the result reached by the majority and also in almost all of the rationale, with the exception of those points of statutory interpretation as to which Judge BARRY's concurring opinion also differs. That concurring opinion is correct, I respectfully submit, in pointing out that, because The Local Tax Enabling Act (Tax Act), Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §§6901-6924, is not effective in Philadelphia, it is not only not applicable "in every part" of the Commonwealth under the terms of section 302(b) of the Home Rule Charter and Optional Plans Law (Home Rule Law), Act of April 13, 1972, 53 P.S. §1-302(b)—as the majority opinion has rightly determined—but it also therefore cannot be considered to be uniform and applicable "throughout" the Commonwealth in terms of section 302(c) of the Home Rule Law, 53 P.S. §1-302(c).

Accordingly, the Monroeville tax rate exceeding the rate allowable under the Tax Act is ruled out, not by those subsections of the Home Rule Law, but instead by section 302(a)(6) of the Home Rule Law, on which the majority relies in part. This latter subsection is wholly dispositive of the tax rate issue because it expressly provides that a home rule charter "shall not give any power . . . to the municipality . . . in . . . *enlargement* of powers granted by acts . . . applicable to a class or classes of municipalities on the . . . fixing of subjects of taxation. . . ." (Emphasis added.)

Thus, because the Tax Act is an act applicable at least to various classes of municipalities, other than Philadelphia, and is one which fixes subjects of taxation, Monroeville's imposition of a higher rate of tax most literally and definitely constitutes an "enlargement" of the taxing power granted by that Act, which fixes the subject of the tax involved.

Judge ROGERS joins in this concurring opinion.

---

CONCURRING OPINION BY JUDGE BARRY:

I agree that The Local Tax Enabling Act (Act), Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §§6901-6924, prohibits the Municipality of Monroeville from imposing a mercantile license tax on certain retailers at a rate in excess of one and one-half mills, but for a different reason than that proffered by Judge COLINS' opinion. The opinion holds that Section 302(b) of the Home Rule Charter and Optional Plans Law (Law), Act of April 13, 1972, 53 P.S. §1-302(b), does not apply to prohibit the proposed tax since the Act is not applicable "in every part" of the Commonwealth. Nonetheless, the opinion also holds that Section 302(c) of the Law applies since the Act is uniform and applicable "throughout" the Commonwealth. In my view, subsections (b) and (c) both prohibit Monroeville's rate of tax in excess of one and one-half mills or neither does. It is not necessary, however, to decide which alternative is true. The ordinances in question of the Municipality of Monroeville each specifically state that they were enacted "under the authority" of the Act. By so stating, Monroeville itself has imposed the Act's limitation of one and one-half mills. This was the reasoning propounded by Judge MAURICE LOUIK of the trial court.

Judge ROGERS and Judge WILLIAMS, JR. join in this concurring opinion.