Welsh Grant Developers Company, Appellant *v.* Board of Revision of Taxes et al., Appellees.

Argued December 13, 1985, before Judges CRAIG and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Arthur W. Lefco,* with him, *Lisa Ehrich, Mesirov, Gelman, Jaffe, Cramer & Jamieson,* for appellant.

*Marjorie Stern Jacobs,* Divisional Deputy City Solicitor, for appellees.

OPINION BY JUDGE CRAIG, January 13, 1986:

Welsh Grant Developers Company appeals from an order of the Court of Common Pleas of Philadelphia County which directed the Board of Revision of Taxes to pay interest on tax dollars refunded to Welsh from the date of the court-approved assessment settlement for the tax years 1979 through 1984.

On December 5, 1978, Welsh filed a petition for review of real estate assessment before the board, challenging the tax assessment of its Woodhaven Apartments. After a hearing, the board partially reduced the assessment on the apartments. Welsh, seeking a further reduction, appealed to the trial court.

On October 15, 1984, the trial court approved a settlement reached between the parties, establishing market values, assessments and the ratios on the real estate for the tax years in question. Because the stipulation further reduced Welsh's assessment beginning with the 1979 tax year, Welsh was entitled to a refund for the tax years 1979 through 1984.

The issue before us is whether the interest on the refund should be calculated from the date of payment under protest or from the date of the court-approved settlement.

In *Cities Service Oil Co. v. Pittsburgh*, 449 Pa. 481, 297 A.2d 466 (1972), our Supreme Court held that where a tax is paid under protest and is subsequently determined to be invalid, interest on the refund accrues from the date of payment; where the amount of the tax assessed is at issue, interest on any refund ordered accrues from the date of the tax reduction decision.

Welsh contends that the trial court erred in fixing the settlement date as the interest-starting date, because the fair market/assessed value ratio which was applied to its property in 1979 was held to be "invalid"—according to Welsh—in *Keebler Co. v. Board of Revision of Taxes*, 496 Pa. 140, 436 A.2d 583 (1981).

However, the *Keebler* opinion did not declare the tax to be invalid; it focused entirely on the method of computing the common-level ratio. An erroneous ratio involves legal error in the administration of a tax levy, with the result being an assessment which is improper in amount. That matter is entirely different in nature from the situation in which a court has concluded that the tax levy itself is wholly or partly invalid because its legislative foundation—in a statute or ordinance—is unauthorized by law or constitution in whole or in part. *Cities Service* distinguished be-

tween the situation where "the tax itself is invalid" and the cases in which "the amount of the tax was incorrectly computed." *Cities Service,* 449 Pa. at 485-86, 297 A.2d at 469.

Illustratively, in *Public Parking Authority of Pittsburgh v. City of Pittsburgh,* 28 Pa. Commonwealth Ct. 329, 368 A.2d 925 (1977), interest on the tax refund was due from the date of payment because the payors were not subject to the tax at all. By the same token, in *Municipality of Monroeville v. Bertolo,* 84 Pa. Commonwealth Ct. 403, 480 A.2d 1290 (1984), *rev'd on other grounds, Cox's v. Municipality of Monroeville,* 506 Pa. 167, 484 A.2d 737 (1984), this court held that interest was due from the time of refund claim where the taxing ordinance was invalid to the extent that it imposed a mercantile license tax at a rate in excess of a certain millage. Thus, although the amount of tax due was necessarily affected by a partial invalidity situation, the earlier running of interest was based upon the judicial determination of invalidity with respect to the legislative foundation of the tax itself, rather than upon an adjudication of an illegal result stemming from error in the administrative process of arriving at the amount of tax claimed to be due.

In this case, even if the reformation of the assessment amount reflected an acknowledgment of an illegal ratio rather than a mere settlement agreement by the parties as to amount, there was no defect in the tax levy or in its underlying legislation.

Where the legislative levy of a tax is valid, it is misleading to take an illegal aspect of the assessment method—ratio determination—and relabel it as a matter of the invalidity of the tax itself. Semantic confusion provides no basis for deciding when the entitlement to interest begins.

Moreover, examination of Welsh's petition for review discloses that Welsh challenged the amount of the assessment and not its validity.

Accordingly, we affirm the order of the trial court.

ORDER

Now, January 13, 1986, the order of the Court of Common Pleas of Philadelphia County, No. 4401 dated December 27, 1984, is affirmed.