555 A.2d 302

Penn Hills School District, Appellant *v.* The Municipality of Penn Hills, Appellee.

The Penn Hills School District, Appellant *v.* Domenic D'Achille et al., Appellees.

Argued May 26, 1988, before Judges COLINS and SMITH, and Senior Judge KALISH, sitting as a panel of three.

*John M. Tighe,* for appellant.

*Wayne DeLuca,* with him, *August C. Damian, Damian & DeLuca,* for appellee, The Municipality of Penn Hills.

*Ira Weiss,* for appellees, Domenic D'Achille, et al.

OPINION BY JUDGE SMITH, March 9, 1989:

Penn Hills School District (District) appeals from two orders of the Court of Common Pleas of Allegheny

County entered on February 17, 1988 which were consolidated for review by this Court. The trial court, at No. 650 C.D. 1988 (Taxpayers' appeal), declared that the District's mercantile and license tax (mercantile tax) enacted by resolution adopted June 16, 1987, shall not take effect until January 1, 1988 because of lack of notice or waiver pursuant to The Local Tax Enabling Act (LTEA)[1] and that the District is subject to the rate limitations and halving provisions of the LTEA. Furthermore, the trial court, at No. 649 C.D. 1988 (District's appeal), dismissed the District's complaint in equity and sustained Penn Hills Municipality's (Municipality) preliminary objections. The trial court is reversed in part and affirmed in part.

The District raises three issues for review: whether the trial court erred in concluding that the District and the Municipality imposed a mercantile tax under the authority of the LTEA; whether the trial court erred in concluding that only the District was subject to the halving provisions of Section 8 of the LTEA, 53 P.S. §6908; and whether the trial court erred in concluding that the District was bound by the notice provisions of Section 8 of the LTEA.

The District, under the authority of the LTEA, enacted by resolution a business privilege tax and a mercantile tax for the 1987-1988 school year effective July 1, 1987 through June 30, 1988.[2] The District levied the mercantile tax at the LTEA maximum allowable rate of one mill on wholesale vendors and one and one-half mills on retail vendors. The District shares coterminous boundaries with the Municipality which is a duly constituted home

---

[1] Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §§6901-6924.

[2] The business privilege tax is not the subject of this appeal.

rule community pursuant to the Home Rule Charter and Optional Plans Law (Home Rule Law).[3]

At the time the District enacted the mercantile tax, the Municipality already had in force a mercantile tax levied at the same rate and upon the same subject as the District proposed. Subsequent to the District's adoption of the mercantile tax, Domenic D'Achille and other taxpayers (Taxpayers) filed a statutory appeal pursuant to Section 6 of the LTEA, 53 P.S. §6906, challenging the legality of the District's newly enacted tax. Taxpayers requested that the tax be declared null and void and that injunctive relief be granted to prohibit the District from collecting the taxes. The District thereafter filed a separate action in equity against the Municipality seeking injunctive relief in the event that the taxpayers were successful. The District requested the Court to declare the municipality subject to the halving provisions of Section 8 of the LTEA and to require the Municipality to share equally with the District revenue collected from the Municipality's mercantile tax capped at one mill on wholesale vendors and one and one-half mills on retail vendors. The Municipality filed preliminary objections to the equity complaint contending that the District failed to state a cause of action for which relief could be granted.

The trial court granted Taxpayers' relief concluding that the mercantile tax was not effective until January 1, 1988 because the District failed to comply with the notice provisions of Section 8 of the LTEA which had not been waived by the Municipality.[4] In response to the Dis-

---

[3] Act of April 13, 1972, P.L. 184, *as amended*, 53 P.S. §§1-101—1-1309.

[4] Section 8 of the LTEA provides in pertinent part:
[A]t any time *two political subdivisions* shall impose any one of the above taxes on the same person, subject, business, transaction or privilege, located within both such political subdivisions, during the same year or part of the same year,

trict's complaint in equity, the trial court found that the Municipality is not subject to the halving provisions of the LTEA nor is it required to share equally the revenue from the mercantile tax. Accordingly, the trial court sustained the Municipality's preliminary objections. The District thereafter moved for reconsideration of the trial court's orders which was denied after oral argument.

*under the authority of this act* then the tax levied by a political subdivision *under the authority of this act* shall, during the time such duplication of the tax exists, except as hereinafter otherwise provided, be one-half of the rate, as above limited, and such one-half rate shall become effective by virtue of the requirements of this act from the day such duplication becomes effective without any action on the part of the political subdivision imposing the tax *under the authority of this act*. When any one of the above taxes has been levied *under the provisions of this act* by one political subdivision and a subsequent levy is made either for the first time or is revived after a lapse of time by another political subdivision on the same person, subject, business, transaction or privilege at a rate that would make the combined levies exceed the limit allowed by this subdivision, the tax of the second political subdivision shall not become effective until the end of the fiscal year for which the prior tax was levied, unless:

(1) Notice indicating its intention to make such levy is given to the first taxing body by the second taxing body as follows: (i) when the notice is given to a school district it shall be given at least forty-five days prior to the last day fixed by law for the levy of its school taxes; (ii) when given to any other political subdivision it shall be prior to the first day of January immediately preceding, or if a last day for the adoption of the budget is fixed by law, at least forty-five days prior to such last day; or

(2) Unless the first taxing body shall indicate by appropriate resolution its desire to waive notice requirements in which case the levy of the second taxing body shall become effective on such date as may be agreed upon by the two taxing bodies. 53 P.S. §6908 (emphasis added).

Resolution of this case turns upon the interpretation of two statutes, the Home Rule Law and the LTEA. This Court recognizes that the power of taxation lies solely in the General Assembly under the authority of the Pennsylvania Constitution, and absent a grant or delegation of power to tax from the General Assembly, no municipality has the power or authority to levy, assess or collect taxes. *Mastrangelo v. Buckley*, 433 Pa. 352, 250 A.2d 447 (1969).

Section 2 of the LTEA, 53 P.S. §6902, delegates taxing power to various political subdivisions, which includes the Municipality, a township of the first class. Under the LTEA, the Municipality may in its discretion by ordinance or resolution, for general revenue purposes, levy, assess and collect taxes as it shall determine, *inter alia*, upon persons, transactions and occupations within the limits of the Municipality. Section 302(a.1) of the Home Rule Law, 53 P.S. §1-302(a.1), provides in pertinent part that:

> A municipality which has adopted a home rule charter shall have the power and authority to enact and enforce local tax ordinances upon any subject of taxation granted by the General Assembly to the class of municipality of which it would be a member but for the adoption of a home rule charter at any rate of taxation determined by the governing body.

Section 302(f) of the Home Rule Law, 53 P.S. §1-302(f), further provides that:

> Nothing contained herein shall limit or take away any right of a municipality which adopts a home rule charter from levying any tax which it had the power to levy had it not adopted a home rule charter.

The Municipality, however, enacted its mercantile tax ordinance pursuant to the Home Rule Law and its Home Rule Charter. *See* Ordinance 1591 of 1979; Certified Record. This Court, pursuant to the principle that a municipality can levy no taxes unless the power be plainly and unmistakably conferred, finds that a municipality has concurrent authority to impose a mercantile tax under the authority of the Home Rule Law as well as the LTEA. The Municipality can therefore exercise its power to tax under the Home Rule Law. *See Municipality of Monroeville v. Bertolo*, 84 Pa. Commonwealth Ct. 403, 480 A.2d 1290 (1984), *reversed on other grounds sub nom. Cox's v. Municipality of Monroeville*, 506 Pa. 167, 484 A.2d 737 (1984);[5] Section 302(b) and (c) of the Home Rule Law;[6] Section 1 of the Act of August 5, 1932, Ex. Sess., P.L. 45, *as amended*, 53 P.S. §15971 (The First Class Cities Act).

Although the District appears to present a novel issue, guidance is provided by this Court's majority and concurring opinions in *Bertolo*. In *Bertolo*, this Court acknowledged that a home rule charter municipality may impose a mercantile tax pursuant to the LTEA. However, the home-rule municipality expressly stated that its ordinance was enacted under the authority of the LTEA, thereby subjecting itself to the limitations thereunder. The matter *sub judice* is distinguishable in that the Municipality expressly stated that its ordinance was enacted under the authority of the Home Rule Law and the Municipality's Home Rule Charter.

---

[5] The Supreme Court reversed *Bertolo*, citing *Reilly v. City of Pittsburgh*, 506 Pa. 165, 484 A.2d 736 (1984) in support thereof. In *Reilly*, the Supreme Court declared that the legislative intent behind the Home Rule Law was to grant local communities, except when prohibited, the right to fix rates of taxation.

[6] 53 P.S. §1-302(b), (c).

Because the case at bar does not involve two political subdivisions imposing the same tax during the same year under the authority of the LTEA, an outcome different from that of *Bertolo* is warranted. The District's mercantile tax is thus valid and effective as of July 1, 1987. Hence, the halving and notice requirements are not applicable to the District.

Accordingly, the decision of the trial court at No. 650 C.D. 1988 is reversed. Moreover, since this Court has determined, in light of the particular facts presented here, that the Municipality enacted its mercantile tax under the authority of the Home Rule Law, the District clearly does not have a cause of action against the Municipality. Consequently, the trial court's decision at 649 C.D. 1988 is affirmed.[7]

ORDER

AND NOW, this 9th day of March, 1989, the February 17, 1988 order at No. 650 C.D. 1988 is reversed and the February 17, 1988 order at No. 649 C.D. 1988 is affirmed.

Judge MACPHAIL did not participate in the decision in this case.

---

[7] This Court may affirm trial court action for reasons different from those advanced by the trial court. *Martin v. Grandview Hospital*, 373 Pa. Superior Ct. 369, 541 A.2d 361 (1988); *Gerace v. Holmes Protection of Phila.*, 357 Pa. Superior Ct. 467, 516 A.2d 354 (1986), *appeal denied*, 515 Pa. 580, 527 A.2d 541 (1987).