617 A.2d 858

CONSOLIDATED COAL COMPANY

v.

The BOARD OF ASSESSMENT APPEALS
OF GREENE COUNTY, Pennsylvania.

The MONONGAHELA RAILWAY COMPANY

v.

The BOARD OF ASSESSMENT APPEALS OF GREENE
COUNTY, Pennsylvania (Two Cases).

Appeal of The BOARD OF ASSESSMENT APPEALS
OF GREENE COUNTY, Pennsylvania, Appellant.

CONSOL PENNSYLVANIA COAL COMPANY

v.

The BOARD OF ASSESSMENT APPEALS
OF GREENE COUNTY, Pennsylvania.

Appeal of CENTRAL GREENE SCHOOL DISTRICT, Appellant.

Commonwealth Court of Pennsylvania.

Argued May 13, 1992.

Decided Nov. 19, 1992.

David C. Hook for appellant, Bd. of Assessment Appeals of Greene County, Pa.

Glenn R. Toothman, III, for appellant, Cent. Greene School Dist.

Joseph A, Katarincic and Eugene Illovsky, for appellees, Monongahela Ry. Co. and Consol–Pennsylvania Coal Co.

Before CRAIG, President Judge, and DOYLE, PALLADINO, McGINLEY, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

CRAIG, President Judge.

The Board of Assessment of Appeals of Greene County and the Central Greene School District (taxing authorities) of Greene County appeal an order of the Court of Common Pleas of Greene County directing the taxing authorities to refund to Consol Pennsylvania Coal Company and The Monongahela Railway Company (taxpayers) any overpayment in tax together with a pro rata portion of the interest from an established tax escrow account. This appeal is consolidated with the taxpayers' appeal of a Public Utility Realty Tax Act [1] issue and a valuation issue, which we address at 209 C.D. 1991, 151 Pa.Cmwlth. 539, 617 A.2d 852 filed in conjunction with this opinion.

The basic facts, which are more thoroughly recited in the accompanying opinion, are that the assessor of Greene County placed the taxpayers' railroad spur, which had been tax exempt from 1984 through 1988, on the tax roll as taxable real

1. Act of March 4, 1971, P.L. 6, added by Section 3 of the Act of July 4, 1979, P.L. 60, as amended, 72 P.S. §§ 8101–A through 8108–A.

property. The taxpayers appealed the assessor's valuation of the property to the board, which assessed a greater value to the property.

The taxpayers appealed to the common pleas court, but paid the taxes into an escrow account under protest. On December 21, 1990, the trial court, after a de novo trial, concluded that the assessor accurately calculated the valuation of the property and ordered that the taxing authorities refund the overpayment, plus a pro rata portion of the interest from the escrow account.

The sole issue addressed in this part of the consolidated case is whether the interest on the refund owed to the taxpayers should be calculated from the date of the trial court order (taxing authorities' contention) or from the date that the escrow account was established (taxpayers' position).

In *Cities Service Oil Co. v. City of Pittsburgh,* 449 Pa. 481, 297 A.2d 466 (1972), the Pennsylvania Supreme Court noted the distinction between cases where the amount of the refund from a valid tax is the issue and cases where the amount of the refund is not an issue because the tax itself is invalid. The Court stated that, when the tax is valid,

> there is not an improper detention until it is determined that the amount of the tax was incorrectly computed, requiring the lower court to establish the amount of refund, interest accruing from the date of the lower court's decision, e.g., a real estate tax based on an incorrect property assessment. However, where a taxpayer pays a specific sum of money under protest and it is later determined that the taxing authority had no right to demand payment of this tax, then the detention was improper from the date the tax was paid, interest accruing from that date provided a demand for refund has been made.

*Id.* at 486, 297 A.2d at 469 (citations omitted).

In the present case, this court holds at 209 C.D. 1991 that the tax on the railroad spur is valid. Therefore, the taxing authorities did not improperly detain any tax money until the trial court determined that the amount of the taxation was

improperly computed. Thus, the first situation described in the *Cities Service Oil* opinion is applicable, and the interest on the amount of the refund accrues from the date of the trial court's decision, December 21, 1990.

Accordingly, the decision of the common pleas court as to the date from which interest on the tax refund should be calculated is reversed, and this case is remanded to the common pleas court for a computation of interest to which the taxpayers are entitled from December 21, 1990, to the present.

## ORDER

NOW, November 19, 1992, the order of the Court of Common Pleas of Greene County, dated December 21, 1990, at Misc. Nos. 19 and 21 of 1989, is reversed as to the date from which interest on the tax refund owed to the taxpayers shall be computed. This case is remanded to the common pleas court for a computation of that interest from December 21, 1990, to the present. All other aspects of the common pleas court order are addressed by this court at 209 C.D.1991, filed simultaneously with this order and opinion.

Jurisdiction relinquished.

KELLEY, Judge, dissenting.

I respectfully dissent for reasons stated in the companion case, No. 209 C.D.1991. I believe the tax in the instant case was imposed without legal authorization and, therefore, believe that interest is due the appellants from the date of payment thereof, consistent with *Cities Service Oil Company v. Pittsburgh*, 449 Pa. 481, 297 A.2d 466 (1972).