**RITTENHOUSE PLAZA, Appellant,**

v.

**TAX REVIEW BOARD and City of Philadelphia and School District of Philadelphia.**

Commonwealth Court of Pennsylvania.

Argued May 8, 1997.

Decided June 4, 1997.

Joseph C. Bright, Philadelphia, for appellant.

Alice W. Beck, Philadelphia, for appellees.

Before COLINS, President Judge, FRIEDMAN, J., and LORD, Senior Judge.

COLINS, President Judge.

Rittenhouse Plaza (Taxpayer) appeals from the order of the Court of Common Pleas of Philadelphia County (Common Pleas) affirming the Tax Review Board (Board) and denying the Taxpayer additional interest on refunded tax overpayments from the date of overpayment. We affirm.

Pursuant to a 1993 settlement agreement regarding the assessed value of the Taxpayer's property, the City of Philadelphia refunded overpayments for the tax years 1990 through 1992. The refund included interest on the overpayment calculated at six percent from the date of the settlement agreement. The City's revenue department denied the Taxpayer's appeal for additional interest, calculated from the date of payment for each tax year in question.

The Taxpayer appealed to the Tax Review Board, relying on Section 1 of the Act of May 21, 1943 (Act of 1943),[1]—entitled as amended, "An act requiring political subdivisions to refund certain taxes, ... and providing procedure for obtaining such refunds, and requiring interest to be paid on certain overpayments of tax."—for the proposition that the Taxpayer was entitled to interest from the date of payment of the taxes. The Tax Review Board denied the appeal on the grounds that 1) the Act of 1943 does not apply in that the Taxpayer had a specific remedy for refund under the Philadelphia Code, and 2) in the alternative, that interest on tax money to which the City was "not legally entitled" under the Act of 1943 would be payable only from the date of determination that the City was not legally entitled. Common Pleas affirmed.

■ Section 1(a) of the Act of 1943 provides for a refund of taxes paid to which a political subdivision is not legally entitled, provided that the taxpayer filed a written claim within the three-year notice period. 72 P.S. § 5566b(a).

(b) The right to refund afforded by this act may not be resorted to in any case in which the taxpayer involved had or has available under any other statute, ordinance or resolution, a specific remedy by way of review, appeal, refund or otherwise, for recovery of moneys paid as aforesaid,

unless the claim for refund is for the recovery of moneys paid under a provision of a statute, ordinance or resolution subsequently held, by final judgment of a court of competent jurisdiction, to be unconstitutional, or under an interpretation of such provision subsequently held by such court, to be erroneous.

Section 1(b) of the Act of 1943, 72 P.S. § 5566b(b). As noted by the Board and by Common Pleas, the Taxpayer in this case had a specific remedy under Philadelphia Code § 19–1703, which provides for a petition to the City's Department of Revenue for a refund of taxes "paid under mistake of law or fact, or under an invalid law" and for interest. Because a specific remedy was available under the Philadelphia Code, the Taxpayer has no right to a refund under the Act of 1943.[2]

■ We note that even if the Act of 1943 were applicable in the instant matter, the Taxpayer could not seek a refund under its provisions in an appeal to the Board. Section 2 of the Act of 1943 provides, in pertinent part,

In the event of refusal or failure on the part of authorities of the political subdivision involved to make any such refund of taxes, ... or refusal or failure to pay interest as required by section 1, then the aggrieved person or corporation shall have the right to bring suit for and recover any such taxes, interest, ... by instituting an action in assumpsit in the court of common pleas of the county wherein such political subdivision is located.

72 P.S. § 5566c. In this case, the Taxpayer sought additional interest on tax overpayments by way of a petition for refund appeal filed with the Board.[3] A petition for refund appeal filed with the Board does not comport with the statutory procedure specified for

---

1. P.L. 349, *as amended,* 72 P.S. § 5566b.

2. Having decided that the Act of 1943 does not apply in this case, we do not address the issue of whether amounts refunded in an assessment appeal are amounts to which a political subdivision is not entitled, and if so, at what time (i.e., at the time of payment or at the time the payments were adjudicated to be overpayments).

3. In that petition the Taxpayer claimed it was entitled to interest at the rate of six percent from the date of overpayment under Section 806.1 of the Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended,* 72 P.S. § 806.1.

asserting an action for refund under Section 2 of the Act of 1943, 72 P.S. § 5566c.

■ Without resort to the Act of 1943 or some other statutory deviation from the common law, the Taxpayer's claim for interest to the date of payment must fail. Under our well-settled law, a court decides whether, and at what point, a taxing body has improperly detained the taxpayer's money for the purpose of calculating the interest due on an overpayment. *Cities Service Oil Company v. Pittsburgh,* 449 Pa. 481, 485, 297 A.2d 466, 468 (1972). In the case of a real estate tax based on an incorrect assessment, where the amount of a refund is in issue and not the validity of the tax, the taxpayer's money is not improperly detained until it is determined that the tax was incorrectly computed, and interest accrues from the date of the court's decision. *Id.* at 486, 297 A.2d at 469. *See also, Consolidated Coal v. Board of Assessment Appeals,* 151 Pa.Cmwlth. 552, 617 A.2d 858 (1992), *petition for allowance of appeal denied,* 533 Pa. 663, 625 A.2d 1196 (1993).

We reject the Taxpayer's argument that the 1986 amendment to the Act of 1943 legislatively overruled *Cities Service Oil* and subsequent cases applying the rule cited above. The 1986 amendment to the Act of 1943 added subsection (c) of Section 1, which provides, in pertinent part, "Any taxpayer who has paid any tax money to which the political subdivision is not legally entitled shall receive interest on such sum ... at the same rate and in the same manner as the Commonwealth is required to pay pursuant to section 806.1 of ... 'The Fiscal Code.' " 72 P.S. § 5566b(c)(1). The amendment changes the applicable rule of law only with respect to matters determined under the terms of the Act of 1943 in the first instance. Given that the Taxpayer is precluded from seeking the relief provided by Section 1 of the Act of 1943, 72 P.S. § 5566b, and has no right to a refund thereunder, the Taxpayer likewise cannot avail itself of that statute's remedy.

Accordingly, we affirm the order of the Court of Common Pleas of Philadelphia County.

### ORDER

AND NOW, this 4th day of June, 1997, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

LEADBETTER, J., did not participate in the decision in this case.